McBride, judge,
delivered the opinion of the court.
The question presented for our consideration is, whether after a plaintiff has given evidence conducing to prove the facts charged in his declaration, the court is authorized, either on the motion of the defendant, or of its own accord, to instruct the jury that the plaintiff cannot recover, for the reason that his declaration sets out no cause of action, or sets it out defectively ?
There are two modes treated of in the books on pleadings, by which a defendant can avail himself of defects in the declaration; one is by demurrer to the declaration, and the other is by moving in arrest of the judgment, should a recovery be had against liim. The first is the most usual and advisable, inasmuch as defects which would be cured by virdicts, it would afford the plaintiffs a more ready opportunity of amending his declaration, and presenting his case in such a form as would entitle him to a trial upon the merits.
In this case, the defendant filed a special plea to the declaration, *302 which called forth a demurrer from the plaintiff; this state of the pleadings would have afforded the court a legitimate opportunity of deciding upon the sufficiency of the declaration, had the defendant not withdrawn his plea, for no principle is better settled in pleading, than that a demurrer tests the goodness of all the previous pleadings, whether on the part of the plaintiff or the defendant. Having withdrawn his plea, it was a virtual waiver, at least for the time being, on the part of the defendant, of any objection to the declaration, and this course may have been superinduced, from a confidence on the part of the defendant, that he could defeat the action, on the merits, and thereby obtain a bar to any subsequent action, for the same cause.
If, however, the defendant declines calling in question the sufficiency of the declaration, in the manner above indicated, and the plaintiff proves his case as therein set forth, is it the province of the court to instruct the jury that they cannot find for the plaintiff? Such a course on the part of the court, cannot be regarded as a demurrer to the declaration, and that too on the part of the court, and the effect of which is to preclude the plaintiff from amending his declaration.
We find the principle recognized in several of the books referred to by the plaintiffs attorney, that if the plaintiff proves all that is laid in his declaration, he ought not to be non-suited; that if the declaration is insufficient, the defendant may avail himself of the defect by demurrer; if he neglects to do that, he cannot avail himself of the objection at the trial, but will be put to his motion in arrest of judgment. The only ground for non-suit at'the trial must be, that the proof is not sufficient to support the declaration.
Wherefore, the court of common pleas in its instruction and its judgment ought to be reversed, and the other judges concurring the judgment is reversed and the cause remanded.