## JOHN BIDDLE vs. HENRY BOYCE.

A petition under the act to reform pleadings and practice, must substantially set forth facts which, under the rules and principles of law, would entitle the plaintiff to a judgment.

## ERROR to St. Louis Circuit Court.

GANTT, for plaintiff in error.

The plaintiff had a right of action, either of assumpsit or trespass, under the old system. It matters not which of these forms of action be judged most appropriate. It is submitted that

either of them could be sustained by the evidence, but if either one of them be so, the petition is good. If the *facts* stated in the petition be such as would support a petition, drawn so as to conform to the views entertained by the counsel for the defendant, then the petition demurred to is good, and the judgment of the court below is erroneous and should be reversed. Form of action is entirely out of the question. Every thing of that kind is entirely done away with by the recent practice act under which this suit was brought. It was unnecessary therefore, that it should appear from the petition whether the action should have been assumpsit or trespass under the old system. Yet this is precisely the objection taken by the demurrant.

RYLAND, Judge, delivered the opinion of the court.

This is a proceeding under the new law reforming the pleadings and practice in courts of justice in Missouri.

The plaintiff filed his petition in the circuit court of St. Louis county, as follows:

'The plaintiff states that he is the owner and proprietor of a lot of ground in the city of St. Louis and State of Missouri, described as lot number six (6) in block one hundred and forty-five, situated on the west side of Sixth street, between Carr street and Biddle street, having thirty-two feet seven inches in front, by one hundred and twenty-five feet in depth, to an alley twenty feet wide, on which lot of ground is a wooden building.

That said lot of ground and premises were until the fifth day of September, eighteen hundred and forty-eight, in the possession of a certain Dennis Delany, to whom they had been demised by a lease, then expiring, and that from the said 5th day of September, 1848, up to the 5th day of September, eighteen hundred and forty-nine said defendant has received and converted to his own use, the rents and profits of said premises monthly, amounting in all, as plaintiff is informed and believes, to the sum of two hundred and fifty dollars, which sum of money so received by said defendant, and of right belonging to said plaintiff, he the said defendant, refuses to pay over to said plaintiff, although so to do the said defendant was specially requested, on the 24th day of September, in the year eighteen hundred and forty-nine, at Saint Louis in the State of Missouri, wherefore plaintiff prays judgment for the sum of two hundred and forty dollars and interest, being the amount due him.

To this petition the defendant filed his demurrer, setting forth the following causes, viz:

1st. That it does not state that the lease to Delaney in said petition mentioned has expired and ended.

2nd. There appears on the face of the petition no relation or privity

between the plaintiff and the defendant, from which the duty of the defendant to account for the rents and profits in said lease, reserved to plaintiff, can be deduced ; on the contrary, it does not appear but that the said defendant holds the premises in question under and by virtue of a title adverse to plaintiff's title.

The demurrer was sustained, and judgment given thereon for defendant.

The plaintiff now brings the case before this court by writ of error.

The single point before us then is on the sufficiency of the petition.

The petition is required to contain "a statement of the facts constituting the cause of action or causes of action in ordinary and concise language without repetition, and in such manner as to enable a person of common understanding to know what is intended." If the recovery of money be demanded, the amount thereof shall be stated, or such facts as will enable the defendant and the court to ascertain the amount demanded.

The hand of innovation has done its work upon our former system of practice and pleading. But still we must think in the language of the law. We cannot forget what is meant by its terms.

The plaintiff's petition may be taken as true, and yet the facts set forth therein are not sufficient in our estimation to warrant a judgment for him.

We think the exceptions taken by the defendant are good and substantial, and fully justify the judgment below.

The plaintiff must shew that he has a good cause of action against the defendant, and he must shew it in such a way that the court can understand it, and see that under the rules and principles of the law his statement, if true, entitles him to judgment. The above statement made by the plaintiff, admitting it to be true, does not sufficiently shew us his cause of action.

The judgment is therefore affirmed.