Walter Gamage *et al.*, Respondents, *v.* Isaac Bushell, Appellant.

### March 7, 1876.

Where the devisee under the will sued the executor for the recovery of rents of the estate, by him collected, the estate being unsettled and possibly in an insolvent condition, *held*, that there could be no recovery.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

*Farish & Griffin*, for appellant, cited: Stephen's N. P. Assump. 332–343; O'Fallon *v.* Boismenu, 3 Mo. 286; Clarence *v.* Marshall, 2 C. & M. 502; Wag. Stat. 89, sec. 48.

*John Burke*, for respondents, cited: Aubuchon *v.* Levy, 23 Mo. 99; 71 Ill. 487; 38 Me. 593; Gibson *v.* Taylor, 16 Mass. 280; 3 Kent's Com. 625; Chambers *v.* Wright, 40 Mo. 482; Kohler *v.* Knapp, 1 Bradf. (N. Y.) 241; Taylor's L. & T. 283, sec. 390; Redf. on Wills, 170, sec. 7, p. 120, sec. 17; Drinkwater *v.* Drinkwater, 4 Mass. 358;

Wag. Stat. 89, sec. 50; Papin *v.* Allen, 33 Mo. 260; Jones *v.* Putnam, 29 Mo. 456; 28 Mo. 248; 43 Mo. 350; McLain *v.* Rigg, 30 Mo. 268; Thompson *v.* Russell, 30 Mo. 498; White *v.* Gray, 32 Mo. 447; 43 Mo. 122; Easly *v.* Ellert, 43 Mo. 289; Bush *v.* Christman, 53 Mo. 482.

GANTT, P. J., delivered the opinion of the court.

Mary C. Gamage and Walter, her husband, sued Bushell to the April term, 1873, of the St. Louis Circuit Court, for $730, which they alleged that he had received to their use. The answer of defendant denied that plaintiffs were married, and denied that he was indebted to plaintiffs in the sum of $730, or any other sum, for money had and received to the use of plaintiffs. The case was tried in June, 1873, by the court without a jury, and there was a judgment for plaintiffs in the sum of $630.

By the bill of exceptions it appears that Bennett, a witness for plaintiffs, testified that he rented premises No. 205 Summit avenue, from defendant, and paid him rent therefor amounting to $560; that he rented the premises from Bushell, executor of Long, from month to month; that Bushell had certain repairs done to the property.

The plaintiffs then gave in evidence the will of Mary C. Long, by which she devised the premises rented to Bennett to Mary C., wife of Walter Gamage. This will was admitted to probate June, 1871. The defendant was appointed executor of it.

Bushell was sworn, and testified that he made certain repairs, for all which, except $18, he was allowed credit by the Probate Court; that the estate was unsettled, and that there were claims in suit against it which, if established, would make the estate insolvent.

No exceptions are saved by the record. No instructions appear to have been given, and the only questions we can consider are, first, whether the petition discloses any cause of action; second, whether the evidence warrants a recovery, supposing the petition to be good...

1. In *Biddle* v. *Boyce*, 13 Mo. 532, a demurrer was sustained to a petition setting forth that plaintiff was the owner and proprietor of a lot of ground in the city of St. Louis (describing it), and that defendant had received the rents of it, to the amount of $250, and converted the same to his own use ; that the money so received belonged to the plaintiff, and that the defendant was requested to pay it to him, but refused.    The Supreme Court was of opinion that this petition was not a sufficient statement of a cause of action.

In the present case, the petition would not have been a good count in *assumpsit* for money had and received to the use of plaintiff, as it omits to lay a promise to pay the same to plaintiff, nor does it show the source from which the money was received.    There can be no doubt that the intention of the Practice Act of 1849 was to make all pleadings special, to abolish general averments stating conclusions of law, in a declaration or petition, as well as similar general averments in a plea or answer.    It was meant that the pleadings should be a statement of the facts of a case on both sides ; not of the evidence, but of the facts to which the law was applicable.

It is clear that the petition in this case does not come up to this requirement.    But the objection was not taken by demurrer, and it may be that the defects referred to are cured by verdict.    *Bury* v. *St. Louis*, 12 Mo. 298 ; 2 Wag. Stat. 1036, sec. 19.

2. It does not appear that the Probate Court has made any order for the delivery, by the executor, of the possession of the real property, whose rents are the subject of controversy here, to the devisee.    1 Wag. Stat., Art. 11, sec. 49, p. 89, title Administration.    It does appear that the estate was unsettled when this suit was brought ; that there were claims in suit against it which, if established, would make the estate insolvent ; and that less than two years had elapsed from the death of the testatrix when this suit was brought.    It also appeared that defendant, as executor, had

taken charge of, and leased, this property, though without a formal order of the Probate Court. Under these circumstances the rents were assets in his hands. He was liable for them on his executor's bond (*Dix* v. *Morris,* decided this term); and, if the claims in suit against the estate of his testatrix should be established, he may be obliged to account for them to the creditor.

There is a very reprehensible looseness in this record. Proof was made by word of mouth, without objection, of matters which properly should have been established in a very different way. When parties intend, as was, perhaps, the case here, to waive the regular proof of material facts, it is easy to make a statement to that effect; and such is undeniably the better practice. The proof was made here without objection, and we would, perhaps, defeat the intentions of both parties if we failed to accept the conclusions indicated. We, therefore, take it as proved that Bushell, as executor, received the rents and profits of this property during the two years following his testatrix's death; that her estate is unsettled, and that it may be insolvent. Under these circumstances we are of opinion that he is not liable in this action. If the claims pending against the estate of Mrs. Long be defeated, plaintiffs have a clear remedy by resorting to the Probate Court. If the claims pending be established, it would be inequitable that a devisee should receive rents to the prejudice either of the creditors of the estate, or the executor.

The judgment is reversed, Judge LEWIS concurring; Judge BAKEWELL, having been of counsel, not sitting.