# CASES

## ARGUED AND DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

### MARCH TERM, 1876.

---

MICHAEL J. HARTNETT, Administrator of ANTHONY FEGAN, Respondent, *v.* BERNARD FEGAN, Surviving Partner of BERNARD and ANTHONY FEGAN, Appellant.

#### July 3, 1876.

1. An administrator has no interest in the real estate of his intestate beyond a naked power to sell or lease, under direction of the Probate Court, for the payment of debts. But, if he leases the land without proper authority, the rents received will be assets in his hands.

2. A surviving partner administering the partnership effects occupies a two-fold relation to the realty belonging to the partnership estate: first, as a trustee, holding the beneficial interest for payment of the partnership debts; and, second, as co-tenant with the heir of the deceased partner, holding the title subject to the trust. In the first capacity he must account for all receipts and disbursements in his settlements before the Probate Court. In the second, the Probate Court has no jurisdiction over him. If, therefore, he leases the land under order of the Probate Court, or there be partnership debts unpaid for which the personal assets are insufficient, the surviving partner must account in his settlements for rents received. But, if he leases without such order, and the rents are not required for the partnership debts, his accounting will be with the heir only. If the share of the deceased partner be required for payment of his individual debts, his administrator may interpose against the heir, and incorporate such share with the assets of the estate in his hands.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Dailey & Adams*, for · appellant, cited : Buchanan *v.* Sumner, 2 Barb. 198–207 ; Buckley *v.* Buckley, 11 Barb. 65–75 ; Yeatman *v.* Woody, 6 Yerg. 20 ; Piper *v.* Smith, 1 Head, 93 ; Foster's Appeal, 74 Pa. St. 391 ; note to this case in 13 Am. Law Reg. 300 ; Wilcox *v.* Wilcox, 13 Allen, 252 ; Carlisle *v.* Mulhern, 19 Mo. 56 ; Duhring *v.* Duhring, 20 Mo. 174 ; 1 Pars. on Con., side pages 149–153 ; 3 Kent's Com., side pages 37–40, and notes ; 1 Washb. on Real Prop., book 1, ch. 13, sec. 4, pp. 422, 423 ; Story on Part. 372 *et seq.*, and notes ; Goodbunn *v.* Stevens, 5 Gill, 27 ; Burdyne *v.* Mackey, 7 Mo. 374 ; Aubuchon *v.* Lang, 23 Mo. 99 ; Buffum *v.* Buffum, 49 Me. 108 ; Scruggs *v.* Blain, 44 Miss. 406.

*Farish & Griffin*, for respondent, cited : Belle Fisher, Am. Law Reg. 300 ; Pars. on Part., ch. 11, secs. 360–366.

LEWIS, J., delivered the opinion of the court.

Bernard Fegan and Anthony Fegan were copartners, and occupied a tract of land which they owned and cultivated as partnership property.   In 1871 Anthony died, and Bernard, as survivor, undertook the administration of the partnership effects.   Hartnett, the respondent, administered on the separate estate of the deceased partner.   In June, 1874, the surviving partner made his final settlement in the St. Louis Probate Court, showing a balance in his hands of $597.69.   To this settlement the respondent filed exceptions, alleging that the surviving partner had failed to account for rental of the real estate ; that he had occupied the land for two years under an agreement with the respondent to pay rent at the rate of $1,000 per annum.   The Probate Court, upon a hearing of the proofs, allowed the exceptions, and charged the surviving partner with an additional sum of $1,563.01.   Upon appeal to the Circuit Court, and a hearing *de novo*, the exceptions were again allowed, and the balance against the surviving partner ascertained at $1,512.69.

It appears that the debts of the partnership were all paid

out of the personal effects of the concern, and that there were no debts existing against the separate estate of the decedent. The only question to be determined is whether, under the circumstances, the surviving partner was bound to account in his settlement for rents of the realty. The court below properly excluded from consideration the alleged agreement.

An administrator, as such, has no interest in the real estate of his intestate beyond a naked power to sell or lease, under direction of the Probate Court, for the payment of debts. If he leases the land without authority from the court, the rents received will be, nevertheless, assets in his hands, as was held in *Gamage* v. *Bushell*, 1 Mo. App. 416. This is because the money comes to him by virtue of no right but that which he holds as administrator, and he cannot allege his own wrong in failing to obtain the proper authority, as a reason for converting it to his own use. He must, therefore, account in his settlements for rents received, whether with or without the direction of the Probate Court.

A surviving partner administering the partnership effects stands upon the same footing as to the partnership land, with this difference : he may make a lease as surviving partner administering, etc., or he may do so as tenant in common with the heir of the deceased partner. The question, in which capacity the leasing is done, must be determined by the circumstances.

In *Carlisle's Administrators* v. *Mulhern*, 19 Mo. 58, it is stated, as resulting from an examination of apparently conflicting authorities, that "real estate, purchased out of partnership funds, to be used and applied to partnership purposes, and considered and treated by the partners as part of the partnership stock, is to be deemed and considered, so far as the legal title is concerned, as estate held in common, and not in joint tenancy ; but, as to the beneficial interest, it is held in trust, each holding his property in trust for the part-

nership until the partnership account is settled and the partnership debts are paid.'' These conditions must necessarily exist as well after a dissolution of the partnership, by death or otherwise, as before.

It thus becomes necessary to consider the rights and duties of the surviving partner, touching the real estate, in his twofold capacity, viz. : first, as a trustee, holding the beneficial interest for payment of the partnership debts and settlement of the partnership accounts ; and, second, as tenant in common with the heir of the deceased partner, holding the title subject only to the demands of the trust just referred to. In the first capacity he must account for all receipts and disbursements in his settlements before the Probate Court. In the second, his accounting must be with his co-tenant, and the Probate Court has no jurisdiction over him for any purpose. These general principles, partly of a different origin, are in exact harmony with the whole policy of our statutes concerning executors and administrators.

If the surviving partner obtain an order of the Probate Court for leasing the land, this will stamp the whole transaction as pertaining to his administrative capacity, and not to his tenancy in common. If he make a lease without such order, and partnership debts remaining unpaid require the proceeds of such lease for their liquidation, the trust will attach to the proceeds in his hands upon general principles. They become assets chargeable against him because of the unsettled condition of the partnership estate, and of the trust attaching to the beneficial interest for the purpose of liquidation. He must, therefore, in either of the supposed cases, report his rental receipts in settlement before the Probate Court, and must apply them, so far as required, in payment of the partnership debts.

But suppose, as in the case before us, the debts are all paid, no leasing order has been made by the court, and the personalty is sufficient to settle the account between the partners. Upon what principle can the Probate Court then

assume jurisdiction over the rents? The trust which attached to the beneficial interest is extinguished, and there remains only the unincumbered title, or tenancy in common, with which that court has no concern. As to this, the survivor is unquestionably answerable to his co-tenant for an account of the rents received. No prior claim exists, since those of the partnership affairs are satisfied. Can he be equally accountable to the heir and to the administrator of the deceased partner? If so, which must be satisfied? and, why not both?

It seems clear that the law has placed the partnership rents beyond the jurisdiction of the Probate Court, unless they shall be brought within it by one of the methods before suggested. It may be urged that, if the estate of the deceased partner be insolvent, its interest in the partnership rents should go into the hands of the administrator. That is not the case before us; but the suggestion presents no difficulty. Direct methods are provided by which the administrator may interpose against the heir if, as in the case of other rents, the condition of the estate demands their incorporation with its assets. As already shown, no rents belong to the assets unless they be so ordered, in effect, by the Probate Court, or else be actually collected by the administrator.

The judgment of the Circuit Court must be reversed, and, as some items of the account are unaccompanied in the record by any means which would enable us to determine their propriety, the cause will be remanded to the Probate Court for a final settlement in accordance with this opinion. Judge GANTT concurs; Judge BAKEWELL, of counsel below, not sitting.