KERR, *Appellant,* v. SIMMONS *et al.*

1. **Appeal from the St. Louis Court of Appeals:** AMOUNT IN DISPUTE: JURISDICTION. In a case appealed from the circuit court of St. Louis county to the St. Louis court of appeals, it appeared that the plaintiff sued for an amount in excess of $2,500, but the answer of the defendant pleaded a judgment and satisfaction as to a part of the amount sued for, which, if true, was sufficient to reduce plaintiff's claim to less than $2,500, to which plea plaintiff demurred, and his demurrer being overruled, stood on it, and judgment was entered thereon against him; *Held,* that the demurrer admitted the recovery of the amount as alleged in the answer, that the matter in dispute on the appeal was, therefore, less than $2,500, and that no appeal would lie to the Supreme Court.

2. **Pleading:** DEFENSE PRO TANTO: DEMURRER. Where defendant in his answer to an action for rent, alleges that plaintiff has already maintained one action against him predicated of the lease sued on, which recovery embraced part of the time for which recovery is sought, such fact so pleaded constitutes a good defense. Whether it is a bar to the whole action, or *pro tanto*, is a matter of law for the court, and being unquestionably good as a defense to a part of the cause of action, a demurrer thereto is properly overruled.

*Appeal from St. Louis Court of Appeals.*

APPEAL DISMISSED.

*Thos. T. Gantt*, for appellant.

The Supreme Court has jurisdiction of this appeal. The recovery of the rent for January was set up as a bar to the whole action, and the answer was insufficient for that reason. The claim of the plaintiff being for upwards of $4,000, and the defense interposed not being good in law, how can the jurisdiction of this court be questioned? Clearly, it will be necessary to go outside of the record to do this. The appeal brings up nothing except the sufficiency of the defense made by this "further answer" to the whole action. Whatever the court may conjecture, is really beside the question. And the practice will be novel, indeed, if conjectures are resorted to, in order to defeat the jurisdiction of this court. A demurrer admits only such facts as are well pleaded. A plea or answer which is interposed as a defense to the whole, but which only answers part of it and leaves the residue undefended, is demurrable for that reason. *Sterling v. Sherwood*, 20 Johns. Rep.; Gould on Pleading, pp. 362, 363; 1 Chitty Pleading (7 Am. Ed.) p. 554. The matter set up in the "further answer" of the defendants is not a bar to the whole action stated in the amended petition. Taylor on Landlord and Tenant (7th Ed.) § 525; *Digby v. Atkinson*, 4 Camp. 275; *Schuyler v. Smith*, 51 N. Y. 309; *Conway v. Starkweather*, 1 Den. 113; *Bradley v. Covel*, 4 Cow. 349; *Abeel v. Radcliff*, 15 John. 507; *Hunt v. Bailey*, 39 Mo. 257; *Despard v. Walbridge*, 15 N. Y. 374; *Quinette v. Carpenter*, 35 Mo. 502; *Finney v. St. Louis*, 39 Mo. 177.

*Chester H. Krum* and *Walter B. Douglas* for respondents.

This court has no jurisdiction of this appeal; the amount in dispute exclusive of costs, does not exceed the sum of $2,500. Const., art. 6, § 12; *Lee v. Warren*, 1 Wall. 337; *Schacker v. Hartford Ins. Co.*, 93 U. S. 241; *Gray v.*

*Blanchard,* 97 U. S. 564; *Banking Asso'n v. Ins. Asso'n,* 102 U. S. 121 ; *Tinstman v. Nat. B'k,* 100 U. S. 6; *Pierce v. Wade,* 100 U. S. 444. The contract sued on is an entirety, and one recovery having been had upon it, the whole demand was thereby merged in that recovery. The answer alleges that a recovery was had for the month of January. This averment the demurrer admits. The case falls, therefore, within the familiar rule, that a single or entire demand cannot be split up so as to constitute the basis of more than one suit. "*Nemo debet bis vexari pro una et eadem causa.*" Freeman on Judg., § 238 ; *Wagner v. Jacoby,* 26 Mo. 532 ; *Miller v. Covert,* 1 Wend. 487 ; *Fireman's Ins. Co. v. Cochran,* 27 Ala. 238 ; *Secor v. Sturgis,* 16 N. Y. 554 ; *Stein v. Prairie Rose,* 17 Ohio St. 472; *Bancroft v. Winspear,* 44 Barb. 209 ; *Logan v. Caffrey,* 30 Pa. St. 196; *Simes v. Zane,* 24 Pa. St. 242 ; *Booge v. Railroad Co.,* 33 Mo. 212 ; *Davis v. Maxwell,* 12 Met. 286 ; *Trask v. Railroad Co.,* 2 Allen 331; *Pinney v. Barnes,* 17 Conn. 420. There is no merit in the point, that the answer to the amended petition was a plea which answered only a part of the cause of action. The answer responded to the whole of the amended petition. It alleged a recovery for the month of January. There could be no better answer as to that part of the amended petition. It alleged a continuous withholding down to February 28, 1879. It pleaded the recovery for the days in January in bar to a recovery of the balance claimed for the days of February. The demurrer is so technical, that its grounds are as unstable as they are attenuated.

PHILIPS, C.—The plaintiff, Kerr, sued the defendants on a contract of lease. The pleadings and history of the action, based on the original petition, will appear by reference to the report of the case found in 9 Mo. App. Rep. 376.

On the reversal and remanding of the cause to the circuit court of St. Louis county, the plaintiff filed an amended petition, alleging, substantially, that on the 10th

day of March, 1873, one Biddle leased certain property in the city of St. Louis to the defendants for a term to end on the 31st day of December, 1878, at the yearly rental of $12,500, payable in monthly installments. It averred that defendants in said contract of lease covenanted with said Biddle and his assigns, that they should pay to him or his assigns the rent reserved during the term, and that they would pay double the rent for every day they, or any one else in their name, should hold on to the said premises after the expiration of the said term, to-wit: after December 31st, 1878. That before the expiration of the term said Biddle granted to plaintiff, Kerr, the reversion of the demised premises, and assigned to him all the interest of Biddle in the said lease; and that defendants attorned to plaintiff. It is then averred that defendants withheld from plaintiff the possession of the premises after December 31st, 1878, and held on to the same until the 28th day of February, 1879. Wherefore, by reason of their said covenant, it is alleged the defendants became liable to pay plaintiff double the rent as aforesaid, for the months of January and February, amounting in the aggregate to the sum of $4,166.-66 for which judgment is asked.

The defendants answered, denying generally the allegations of the petition, except as thereinafter admitted. The answer then, after admitting the execution of the lease, claimed that the petition did not fully and correctly set out its terms. It them averred that by the terms of the lease defendants covenanted to surrender the premises at the end of the term, and to pay double the rent reserved thereon for every day they should thereafter hold the same; that they did not surrender at its termination on the 31st day of December, 1878, but held on until the 28th day of February, 1879. It is then alleged that in 1879 the plaintiff brought suit against them on the same covenant sued on herein, and recovered judgment against them thereon, covering the month of January embraced in this action, in the sum of $2,126.63, which defendants have fully paid and satisfied.

To the matter pleaded in the last paragraph of the answer plaintiff demurred, chiefly on the ground that it professed to plead in bar to the whole action matter which constituted no defense to the entire action. The demurrer was overruled, and the plaintiff failing to reply, judgment was entered against him as for want of a reply. From this action of the court he appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed. He has brought the cause here on appeal.

I. The question lying at the threshold of this appeal is, has this court jurisdiction of the case? Section 12 of Article 6, of the State constitution, provides that: "Appeals shall lie from the decisions of the St. Louis court of appeals to the supreme court * * in the following cases only: In all cases where the amount in dispute, exclusive of costs, exceeds the sum of $2,500," etc. The amount sued for, on the face of the petition is $4,166.66; which sum represents the whole amount of rent for the months of January and February. The answer averred that plaintiff had recovered from defendants the sum of $2,126.63, being the amount of rent for said month of January, which would leave a balance only of $2,040.03, being less than $2,500. If, therefore, the state of the pleadings be such as to admit this fact, this court has no jurisdiction over the subject matter on appeal from the St. Louis court of appeals. The jurisdictional fact, in such cases is not necessarily to be determined by the sum demanded in the petition. The language of the constitution is, "the amount in dispute." To ascertain the actual amount in dispute recourse should be had to the whole record. The federal statute providing for appeals from the circuit courts to the Supreme Court of the United States, contains the same language, in effect, "the matter in dispute." In *Lee v. Watson*, 1 Wall. 337, the court says: "By matter in dispute is meant the subject of litigation, the matter for which suit is brought, and upon which issue is joined, and in relation to which jurors are called and witnesses examined." So in *Schacker v. Hartford*

18—82

*Fire Ins. Co.*, 93 U. S. 241, the court held that, although the amount for which judgment was asked was $3,000, yet, if on inspection of the record it appearing that recovery could not, in fact, be had for more than $1,400, the court had not jurisdiction. And in *Gray v. Blanchard*, 97 U. S. 565, the court say : "While in the absence of anything to the contrary the prayer for judgment by the plaintiff, in his declaration or complaint, upon a demand for money only, or by the defendant in his counter-claim or set-off, will be taken as indicating the amount in dispute, yet if the actual amount in dispute does otherwise appear in the record, reference may be had to that for the purpose of determining our jurisdiction. Ordinarily this will be found in the pleadings, but we need not necessarily confine ourselves to them. We hear the case upon the record which is sent up, and, if taking the whole record together, it appears that we have no jurisdiction, the case must be dismissed."

It is apparent from the face of the petition, that, if the month of January were eliminated, the amount in dispute would be less than $2,500. The answer alleged facts which, if true, showed that the plaintiff had judgment and satisfaction for the identical sum claimed for the month of January. Did not the demurrer admit this fact ? The learned counsel, quite ingeniously seeks to avoid the effect of the admission of the demurrer by arguing that the matter demurred to was . pleaded in bar of the whole action, and as the plea was good only, as a defense to a part of the action or sum sued for, it was bad as a whole ; and as a demurrer admits only facts that are well pleaded, there was, in legal contemplation, no admission of the fact of adjudication and payment of the sum, in part, sued for. He, therefore, very adroitly seeks to force upon this court the determination of the correctness of the decision of the court of appeals on the question as to the judgment and satisfaction pleaded being a bar to the action for the rent of February. Attention to the whole answer forbids, as we think, the construc-

tion placed by plaintiff's counsel upon the matter demurred to. He argues the case on the assumption that the prayer for judgment by defendants is in connection with and based on the effect of the fact pleaded touching the former recovery. This is incorrect in fact, as the "wherefore defendants pray judgment, etc.," is at the conclusion of the whole answer and in a separate paragraph.

Under our system of pleading the facts constituting the cause of action, or matter in defense, are required to be stated. The relief to which the party is entitled, the effect of the matters set up, is determined by the court as a matter of law, from the facts pleaded. Neither evidence nor conclusions of law are to be stated. The prayer itself is not demurrable. *Saline County v. Sappington*, 64 Mo. 72. Though the prayer asked for too much, the court will administer judgment in accordance with the facts alleged and proved. *McClurg v. Phillips*, 49 Mo. 315. The practice act was to make all pleadings special, to abolish general averments stating conclusions of law, in a declaration or answer. It was meant that the pleadings should be a statement of the facts of the case on both sides, not of the evidence, but of the facts to which the law is applicable." *Gamage v. Bushell*, 1 Mo. App. 418. " The allegation controverted must be the statement of a fact ; hence, in making an issue he has nothing to do with legal conclusions." Bliss Pl. 334. The code itself provides that "the court may grant him any relief consistent with the case made and embraced within the issue." The portion of the answer demurred to stated as a fact that the plaintiff had maintained one action against him predicated of the contract sued on, which recovery embraced a part of the same period of time for which recovery is here sought. The fact pleaded certainly constituted a good defense. Whether it was a bar to the whole action or *pro tanto* was a matter of law for the court. Whether it was one or the other the fact remained, and so was well pleaded. It certainly would have been error in the trial court to have stricken it out as

constituting no defense. The demurrer admitted the truth of the fact pleaded for the purposes of the demurrer. Being unquestionably good as a defense to a part of the cause of action declared on, the demurrer was properly overruled. The demurrer admitted the fact, but raised the issue of its legal effect. On this admission it is manifest the amount actually in dispute on this record does not exceed the sum of $2,500, and this court is without jurisdiction acquired through the appeal.

The provision of the constitution was ordained for a wise purpose, in the judgment of the convention. It was to relieve the overcrowded condition of the docket of the Supreme Court, and to afford relief and protection to litigants within the local jurisdiction. Both its spirit and letter should be observed by the Supreme Court, by not suffering them to be evaded by sacrificing substance to shadow.

It follows that the appeal should be dismissed. All concur. HOUGH, C. J., absent.