CLARA REICHENBACH, Plaintiff and Appellant, v. THE UNITED MASONIC BENEFIT ASSOCIATION, Defendant and Appellant.

St. Louis Court of Appeals, November 24, 1891.

1. **Appeals**: JURISDICTION : TRANSFER IN CASE OF DOUBT.  If there be doubt as to whether the jurisdiction of an appeal is in the supreme court or in this court, the cause should be transferred to the supreme court in order that it may determine the question.

2. ———— : ———— : AMOUNT INVOLVED.  *Held,* that the transfer should accordingly be made in a cause, wherein there were two counts on separate causes of action, the one for $1,000, and the other for $2,000, and, there being judgment for the defendant as to the one count and against him on the other for .the full amount thereof, both the plaintiff and the defendant appealed.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

TRANSFERRED TO SUPREME COURT.

*Martin & Bass* and *H. A. Loevy,* for plaintiff.

*Phillips & Stewart, Cunningham & Eliot,* for defendant.

BIGGS, J.—There are two counts and two causes of action stated in the petition.  The first count is based on a certificate of insurance, number 1304, for $1,000, issued by the defendant on the life of the plaintiff's deceased husband.  The defense to this cause of action was that,

in 1885, the policy was allowed to lapse by the voluntary act of the insured. The jury found for the defendant on this count, and the court entered judgment accordingly. The cause of action stated in the second count is predicated on a like certificate, number 2499, for $2,000. The defense to this was, that the deceased failed to pay an assessment, of which he had been duly notified, within the time required by the by-laws of the defendant association. The finding of the jury was for the plaintiff for the full amount, and judgment was entered thereon. Both parties appeal, and have brought to this court separate records. The plaintiff complains of the judgment as to the first count, and the defendant claims that there was prejudicial error against it in the trial of the second count.

A jurisdictional question is raised by this record. The question is, what is the amount *involved*, within the meaning of the constitution limiting the jurisdiction of this court? In *State ex rel. v. Lewis*, 96 Mo. 146, the supreme court decided that "the amount in dispute, by which the jurisdiction of the appellate court is to be determined, is not necessarily fixed by the amount of the judgment appealed from (*State ex rel. v. Court of Appeals*, 87 Mo. 569), nor by the amount claimed by the cause of action sued upon (*Kerr v. Simmons*, 82 Mo. 269), but by the amount that remains in dispute between the parties on the appeal and subject to determination by the appellate court of the legal questions raised on the record; to ascertain which, the appellate court is not confined to an examination of the judgment only, or the pleadings in the case, but may look into the whole record." In the present case there were two amounts in dispute in the lower court, which together amounted to $3,000 and interest. By the cross-appeals the entire amount seems to be involved, which renders our jurisdiction, to say the least, doubtful. We consider it our duty, in case of doubt, to transfer the cause

to the supreme court, which is the proper tribunal to set the question at rest by retaining or remanding the cause. The case will, therefore, be transferred to the supreme court for final determination. All the judges concurring, it is so ordered.