REICHENBACH v. THE UNITED MASONIC BENEFIT ASSOCIATION, *Appellant.*

Division One, October 31, 1892.

1. **Practice, Appellate:** CONSTITUTION: "AMOUNT IN DISPUTE." Under the constitution of Missouri (art. 6, sec. 12) the "amount in dispute" on appeal is the real amount at the time the appeal is taken, as shown by the record.

2. ———: ———: ———. Where action was brought on two counts, resulting in a verdict for defendant on the first, and for plaintiff on the second in the sum of $2,300, and both parties appealed, but plaintiff dismissed her appeal, the "amount in dispute," then, is that involved in defendant's appeal from the judgment on the second count, and is within the jurisdiction of the court of appeals. (*Ellis v. Harrison,* 104 Mo. 270, *distinguished.*)

3. ———: DISTINCT CAUSES OF ACTION: SEVERABLE APPEALS. Findings upon distinct causes of action in the same proceeding are sometimes severable on appeal.

*Certified from St. Louis Court of Appeals.*

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Phillips & Stewart* and *Cunningham & Elliott* for appellant.

*Martin & Bass* and *H. A. Loevy* for respondent.

BARCLAY, J.—Plaintiff sued upon two benefit certificates, in the nature of insurance policies issued by defendant, one, numbered 1304, for $1,000; the other, numbered 2499, for $2,000. Her petition contained two counts or causes of action, each based on one of the certificates. Defendant took issue with her; upon a trial by jury, a verdict was rendered in favor of defendant on the first cause of action, and in favor of plaintiff in the sum of $2,300 on the second cause of action.

May 19, 1891, judgment was entered for plaintiff for the last-named sum, and for the defendant as to the first cause of action.

Plaintiff moved to set aside the verdict as to the first count on various grounds. Defendant moved for a new trial upon the second count. Both motions were overruled, June 23, 1891, and exceptions were filed in due time.

July 1, 1891, plaintiff appealed to the St. Louis court of appeals "from the judgment rendered herein upon the issues under the first count of her petition;" and defendant appealed generally to the St. Louis court of appeals, July 10, 1891.

That court transferred both appeals to the supreme court because it entertained a doubt of its jurisdiction to decide them. *Reichenbach v. United Masonic Ben. Ass'n* (1891), 47 Mo. App. 77.

In this court plaintiff dismissed her appeal, and has now moved for a transfer to the St. Louis court of appeals on the ground that defendant's appeal comes

within the jurisdiction of that court. No claim is made that the case belongs here for any reason other than that of the amount involved.

As has been already said on several occasions, the "amount in dispute," which brings a case within the jurisdiction of this court, is the real amount in controversy upon the appeal. *Kerr v. Simmons* (1884), 82 Mo. 269; *Anchor Milling Co. v. Walsh* (1888), 97 Mo. 287; Constitution, 1875, art. 6, sec. 12.

What is that amount in this case?

The two causes of action, originally tried, were independent. The plaintiff might have dismissed one of them at any time before submission, without prejudice to the other. She was cast as to the first count; and, though she appealed against that result, the dismissal of her appeal has made that finding a finality.

The second division of this court has held that findings at the trial upon distinct causes of action, in the same proceeding, are so severable upon appeal that one may be affirmed, while another is vacated for a new trial. *Sparks v. Trans. Co.* (1891), 104 Mo. 548.

The dismissal of plaintiff's appeal left that of defendant the only subject-matter for review. That appeal is from a judgment against defendant for a sum, which, at the time the appeal was taken, amounted to less than the $2,500 essential to bring the case within the jurisdiction of this court.

The facts now presented are clearly distinguishable on principle from those considered in *Ellis v. Harrison* (1891), 104 Mo. 270. There the appeals of both parties were concurrent to the close of the case, plaintiff's appeal involved a sum largely in excess of the required amount. Had that appeal been dismissed before submission, thereby leaving for consideration only the defendant's appeal from the finding against

him for $411.66 on the fourth count, a case parallel to that at bar would have been exhibited.

Here the appeal from the judgment against defendant, based upon the finding upon the second count, is the only matter for examination, and defendant alone complains of that judgment. In this state of the record, we are of the opinion that the amount involved is to be determined as though defendant alone had originally appealed. The finding upon the first count has become a final adjudication, and is no longer "in dispute" by either party.

The motion to transfer the cause to the St. Louis court of appeals is sustained. Chief Justice SHERWOOD and BLACK and BRACE, JJ., concur.