MINNEAPOLIS MILL CO. *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY CO.

Submitted on brief by appellant, argued by respondent, Oct..12, 1894. Affirmed Oct.
19, 1894.

No. 8905.

**Effect of granting a new trial without restriction.**

> Where, upon appeal to this court, a new trial is granted, without re-
> strictions as to the retrial of any of the issues involved in the pleadings,
> either party is entitled to a retrial of all of the controverted issues con-
> tained in the pleadings.

Appeal by defendant, the Minneapolis & St. Louis Railway Com-
pany, from an order of the District Court of Hennepin County, *Sea-
grave Smith,* J., made January 20, 1894, denying its motion for a new
trial.

*Albert E. Clarke,* and *Wilbur F. Booth,* for appellant.

The effect of the reversal of a case upon appeal is dependent upon
the grounds upon which the reversal is based, as expressed in the
opinion of the court. *Jordan* v. *Humphrey,* 32 Minn. 522; *Roberts*
v. *Corbin,* 28 Ia. 355; *Baird* v. *Chicago, R. I., &c., Ry. Co.,* 61 Ia.
359.

Where a finding of fact is permitted to stand it remains undis-
turbed by a simple reversal, and judgment may be entered thereon
as to the fact therein decided. *Cobb* v. *Cole,* 44 Minn. 278; *Cool-
baugh* v. *Roemer,* 32 Minn. 445; *Crich* v. *Williamsburg City Fire Ins.
Co.,* 45 Minn. 441; *Backus* v. *Burke,* 52 Minn. 109; *Gerdtzen* v. *Cock-
rell,* 52 Minn. 501.

*Flannery & Cooke,* for respondent.

A new trial having been ordered by this court it was not within
the power of the District Court to modify or change that order. The
true interpretation of the order of this court is that a new trial of
all the issues is granted. *First Nat. Bank* v. *Lincoln,* 39 Minn. 473;
*Miller* v. *Jourdan,* 43 Ga. 316; *Jordan* v. *Humphrey,* 32 Minn. 522;
*National Invest. Co.* v. *National S. L. & B. Ass'n,* 49 Minn. 517;

*Dows* v. *Swett,* 127 Mass. 364; *Zaleski* v. *Clark,* 45 Minn. 397; *Hidden* v. *Jordan,* 28 Cal. 302.

The granting of a new trial reinstates the cause upon the docket as though no trial had been had. *San Antonio* v. *Dickman,* 34 Tex. 648; *McCrum* v. *Corby,* 15 Kan. 112; *Donahue* v. *Klassner,* 22 Mich. 252; *Foster* v. *Browning,* 4 R. I. 47; *Miller* v. *Jourdan,* 43 Ga. 316.

Buck, J. This action has been in this court twice before. 46 Minn. 330, (48 N. W. 1132;) 51 Minn. 304, (53 N. W. 639.) When it was here the last time, the case was reversed upon one of the questions involved in this action, but upon another point the court used this language: "Upon the question as to what land was conveyed by plaintiff to defendant by the deed of September 20, 1873, which depended upon the location at that date of defendant's original track, which was made the center line of the strip conveyed, all we deem necessary to say is that the evidence fully justified the finding of the trial court."

Upon the last trial in the District Court, the defendant sought to restrict the issue to the question upon which the case was reversed, and that the finding of the trial court upon the issue which we have quoted should remain undisturbed as the law of the case; but, in order to have had this effect, the judgment of this court should have been a modified one, instead of a general reversal, the opinion concluding with these words: "But, for reasons already given, the order appealed from must be reversed, and a new trial granted." The judgment entered in this court granted a new trial, and, if the defendant desired a modified judgment, he should at least have made application to this court for such purpose, it having the express authority to reverse, affirm, or modify a judgment or order appealed from. The judgment rendered by this court was an entirety, and its effect was to allow each party to insist upon a new trial, upon all the issues involved in the pleadings. The authorities are numerous sustaining this position, but we deem it unnecessary to cite them.

We have examined the other questions raised by the defendant upon its appeal, but find no errors affecting the merits; and the order of the court below is affirmed.

(Opinion published 60 N. W. 341.)