BYRON V. SEEVERS, Appellant, v. THE CLEVELAND COAL COMPANY, Appellee.

**Judgments upon several causes of action: REVERSAL: EFFECT.** Ordinarily a law action embracing several issues which have been tried together and disposed of by one judgment when reversed on appeal as to some of the issues will be remanded for a retrial of the whole case; but where the action embraced several distinct causes stated in separate counts, a reversal of the judgment in favor of one of the parties upon one count will not operate as a reversal of the judgment in favor of the other party upon the other separate and distinct counts, from which no appeal was taken. Upon reversal the causes of action thus disposed of should be treated as eliminated from the case, and a motion to strike them from the petition was unnecessary and could properly be denied, but no prejudice resulted from sustaining the motion, and therefore an assignment of error based upon the ruling will not be sustained on appeal.

**Same.** The reversal of a judgment on appeal renders it of no further force or effect; and a motion to expunge it from the record is not necessary for the purpose of designating the issues for retrial,

although the granting of such motion may not be prejudicial to the party who obtained the judgment.

Same.   Upon the reversal of a judgment for plaintiff in a law action, 3   based upon an indivisible claim, which is met by one or more defenses, with or without a counterclaim, and an ordinary money judgment is entered for part or all of plaintiff's claim, a reversal of the judgment with a general order for a new trial re-instates the case for trial upon the issues joined the same as if no trial had taken place; and if the judgment appealed from was a general one in favor of plaintiff for the difference between his claim and defendant's counterclaim, the defendant, upon reversal, is not entitled to judgment upon its counterclaim before retrial of the case, but the same remains as a triable issue, even though the amount due on the counterclaim was determined by a special finding.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER, Judge.

FRIDAY, JUNE 19, 1914.

The opinion states the case.—*Affirmed* in part and *Reversed* in part.

*S. V. Reynolds* and *McCoy & McCoy* and *Jaques & Jaques,* for appellant.

*McNett & McNett* and *J. C. Mitchell,* for appellee.

WEAVER, J.—The plaintiff brought an action at law to recover upon alleged causes of action stated in three counts of his petition.   First. That under an oral agreement with the defendant he performed services in its behalf during the period from January 26, 1903, to October 13, 1905, in securing options for the purchase of coal lands by the defendant and in preparing abstracts of title, and in various other ways, and that the services so rendered were reasonably worth $14,500.   He also demands the same recovery as upon an implied contract. Second. That at the request and direction of the defendant he

undertook to obtain reduction of the price of certain options held by it for the purchase of certain coal lands for which service it was agreed he should receive compensation to the amount of one-half the reduction so secured. He alleges that he did perform this service, and under the terms of the agreement he thereby earned $8,475, for which he seeks a recovery. Third. That under a further oral agreement with defendant he found and produced a purchaser to whom defendant sold a large amount of coal property, whereby he became entitled to a commission upon said sale for $15,107.50. Various amendments were made to the original petition, but the foregoing sufficiently states plaintiff's claim for the purposes of this appeal. The answer denies the claims sued upon. It is further pleaded that during the time when plaintiff claims to have earned the several amounts which he seeks to recover, he was regularly employed in the defendant's service at the stated wage of $5 per day, which sum was regularly paid to and received by him in full satisfaction for all work, labor, and service done or transacted by him in defendant's behalf. Defendant further pleads counterclaims against plaintiff for moneys collected, had, and received by him on account of defendant, and for other sums alleged to have been misappropriated by him. Upon trial to a jury a general verdict for plaintiff and special findings were returned as follows: Under direction of the court a verdict against plaintiff on the first count of his petition. The jury also found specially that plaintiff was not entitled to recover anything upon the cause of action stated in the second count, but was entitled to recover, upon his claim for commissions as stated in the third count of his petition, $16,250. It was further specially found that defendant was entitled to recover on its counterclaims an aggregate of $892.14. The general verdict for plaintiff was for the difference between these sums, $15,357.86. Upon the coming in of the foregoing verdict and findings, the court on December 23, 1910, entered an order giving the plaintiff until the first day of the next term to move for a new trial

on the first and second counts of his petition, also giving the defendant the same length of time to move for new trial with respect to the issues upon which the jury found for the plaintiff. On January 7, 1911, the defendant filed a motion for judgment in its favor on the issues joined upon the first and second counts of the petition, and also upon the defendant's counterclaim. At the same time defendant moved for a new trial upon the third count or claim for commissions on which a verdict had been returned in plaintiff's favor. This motion was accompanied by a statement that defendant did not thereby intend to waive its right to judgment in its favor on other issues joined. On January 9th plaintiff filed a motion for new trial upon the first and second counts of the petition. The motions for new trial were both overruled. Defendant's motion for judgment in its favor for costs on each of the first two counts was sustained, and judgment in each instance was accordingly entered. At the same time defendant's further motion for judgment in its favor for the amount of its counterclaim, which the jury allowed and deducted from the sum found due the plaintiff for commissions, was overruled. Thereupon judgment was entered for the plaintiff on the general verdict for $15,357.86, and for one-half the taxable costs. From that judgment defendant appealed to this court, where a reversal was ordered and cause remanded to the district court for new trial. *Seevers v. Coal Co.,* 158 Iowa, 574. The cause having been remanded to the district court the defendant filed a motion or series of motions, which, omitting the formal parts, we here set out in full:

### Division I.

The defendant moves the court to render judgment in its favor against the plaintiff, for $686.29 upon the verdict of the jury rendered in its favor in this cause, on or about December 23, 1910, on its counterclaim for rent, plus the sum of $205.85, upon a verdict in this cause in its favor of the same date, upon its second counterclaim for interest, and in the aggregate sum

of $892.14, with 6 per cent interest thereon from and after December 23, 1910.

## Division II.

The defendant further moves the court to expunge and eliminate from the judgment entry heretofore rendered in this cause in this court, of date on or about February 11, 1911, and now of record in this court and cause, so much thereof only as pertains to, and awarded the plaintiff judgment against this defendant upon the claim made in the third count of his petition and amendments thereto, for alleged salary and compensation for work, in the sum of $15,357.86, and the proportion of costs awarded in said general verdict and third count, and to set aside and cancel the general verdict rendered in the plaintiff's favor in this cause, against the defendant, on or about December 23, 1910, for $15,357.86, and the special verdict rendered in plaintiff's favor, in this cause, against the defendant, on or about the last date aforesaid, upon a claim of plaintiff for commissions made in the third count of his petition for $16,250.

## Division III.

The defendant further moves the court to cancel and expunge from the judgment entry made of record in this court and case, on or about February 11, 1911, that portion thereof which, instead of awarding judgment in defendant's favor against the plaintiff, for the amount of $686.29 on the first count of defendant's counterclaim, and of $205.85 on the second count of defendant's counterclaim, subtracted said two amounts in said special verdicts from the special verdict aforesaid rendered in plaintiff's favor for $16,250, on the third count of his petition, and thus dispose of the same because the record, verdicts, opinions, and procedendo and affidavits aforesaid now make it appear that defendant is now entitled to judgment in its favor against the plaintiff, for said two sums, with costs pertaining thereto, and because by the opinion and judgment of the Supreme Court, the plaintiff is not now entitled to judgment on either said special verdicts, or general verdict in his favor.

## Division IV.

The defendant further moves the court to strike from the pleadings in this cause, as part of the issues thereof remaining, all that portion of plaintiff's petition and amendments thereto, pertaining to the first and second counts of his petition, because the said counts have been fully disposed of and adjudicated against the plaintiff, and are no longer pertinent to the case, and the issues made thereby should not now be submitted to the jury.

This motion was sustained by the court in an order or judgment duly entered in terms as follows:

And now on the 10th day of April, 1913, in open court, the parties appearing by counsel, the court, being fully advised in the premises, sustains Division I and Division III of said motion, for judgment upon the verdicts heretofore rendered in defendant's favor on its counterclaim for rent and on its counterclaim for interest, as therein prayed.

Wherefore it is ordered and adjudged that the defendant have and recover from the plaintiff the sum of said two verdicts, upon its said counterclaims, with 6 per cent. interest thereon, from and after December 23, 1910 (the date of said verdicts), amounting now to the sum of $1,014.75, and that execution issue therefor.

It is further ordered that this judgment on said two verdicts on said counterclaims shall stand as a substitute for the disposition made of said verdicts in the judgment entry rendered in this cause on or about February 11, 1911, and that said judgment entry of February 11, 1911, be so modified in respect thereto, to all of which the plaintiff at the time duly excepted.

The court does hereby further order and adjudge that Division II of said motion be, and the same is hereby, sustained, and the said judgment and entry made in this cause of date February 11, 1911, and now of record in this court, be, and is hereby, so far modified and changed as to set aside the special verdict in plaintiff's favor, on the third count of his petition for commissions in the sum of $16,250, and the general verdict in plaintiff's favor of $15,357.86, and the judgment entered thereon. This modification of said judgment to

be without prejudice to the plaintiff in respect to said third count of his petition, and of his right to have a trial in respect to said third count of his petition for commissions, to all of which the plaintiff at the time duly excepted.

And the court does further order and adjudge that Division IV of said motion be, and is hereby sustained, and all the pleadings and issues relating to the first and second counts of the plaintiff's petition which have heretofore been fully adjudicated be, and are hereby, eliminated from the issues in the cause, as are also the pleadings relating to the defendant's said counterclaims, which have also been fully adjudicated.

Be it further remembered that nothing herein contained shall, or is in any manner intended to, affect or modify so much of said judgment of February 11, 1911, as disposed of and adjudicated the issues involved in count 1 and count 2 of plaintiff's original petition and amendments thereto.

It is from the foregoing order and judgment that the present appeal is taken by the plaintiff.

I. We first consider whether the court erred in treating the issues joined on the first and second counts of the petition as having been finally adjudicated and disposed of on the first trial. It will be remembered that the

1. JUDGMENTS UP- ON SEVERAL CAUSES OF AC- TION: reversal: effect.

first count states a claim for compensation for services rendered for defendant upon a contract express or implied in securing options upon coal lands, and the second is upon a claim for other services in securing reductions or discounts upon options held by defendant. In a third count a recovery was sought for commissions alleged to be due from defendant upon another contract for procuring a purchaser for certain coal properties. On the first count the court directed a verdict for the defendant, and on the second count the jury found in defendant's favor. It will be further remembered that upon the coming in of the verdict the defendant moved for a judgment in its favor on the verdict on each of the two first counts, and that said motions were sustained and judgment entered

upon each of said issues for the defendant for one-fourth of the costs of the action. Judgment having been entered for plaintiff on the third count, the defendant appealed therefrom to this court. Plaintiff did not appeal from the judgment against him on the other counts. The question then comes, Does the reversal upon the defendant's appeal from the judgment entered on the third count of the petition and the granting of a new trial have the effect to reopen the issues joined upon the first and second counts? Under the peculiar circumstances of this case we think this inquiry must be answered in the negative. It is undoubtedly the general rule that where in a law action several distinct issues have been tried together, and upon appeal reversible error is disclosed as to some of the several issues, the appellate tribunal will not attempt to reverse as to a part and affirm as to a part, but the cause will be remanded for new trial upon the issues as they stood in the trial court, and this is especially true where, while the issues are multiple, they have been disposed of in a single judgment. *Bond v. Ry. Co.,* 67 Iowa, 712; *Ruth v. McPherson,* 150 Mo. App. 694 (131 S. W. 474); *Dyer v. Haley,* 29 Me. 277; *Railway Co. v. McAlpine,* 80 Ala. 73; *Goodsell v. W. U. Tel. Co.,* 109 N. Y. 147 (16 N. E. 324).

The court on appeal will not attempt to dissect the judgment or resolve it into parts and affirm as to one part or fraction of a recovery and send the other back for re-trial. But the cause before us is not of that kind so far as the question under immediate discussion is concerned. The former appeal in no manner involved the first or second count of the petition. The issues thereon had been disposed of in another judgment entry from which no appeal was taken and in disposing of it this court expressly stated that the controversy over the claims stated in the first and second counts had been "eliminated." The judgment there considered was not a judgment upon the issues generally, but a judgment, restricted in its scope and effect to the issues upon plaintiff's claim for commissions alleged to have been earned and the defendant's

counterclaims against the plaintiff. It follows, we think, that under this state of the record an order for reversal and new trial, though stated in general terms, must be held to relate only to the issues upon which that judgment was rendered, and that the trial court should treat the first and second counts of the petition as this court treated them on the former appeal; that is, as having been eliminated from the controversy. Such being the case, the claims stated in the first and second counts of the petition having already been disposed of, the motion made after the remand to strike them from the pleadings was unnecessary, and could well have been denied for that reason; but the ruling sustaining the motion worked no prejudice to the plaintiff, and the assignment of error thereon cannot be sustained.

It may properly be added in this connection that, where a petition sets out in separate counts several causes of action founded upon unconnected and separate contracts, and the issues taken thereon are likewise distinct and several, and the judgment entry disposes of such issues severally, there is no apparent reason why a reversal upon appeal from the judgment entered as to one of these issues should operate automatically to reopen for new trial other issues which have been adjudicated favorably to the appellant, and from which no appeal has been taken. This is especially true under a statute like ours permitting an appeal "from part of an order, or from one of the judgments of a final adjudication, or from part of a judgment," without affecting "the rights of any party to any judgment or order or part of a judgment or order, not appealed from." Code, sections 4113, 4114.

See, also, *City of Buffalo v. Ry. Co.,* 176 N. Y. 308 (68 N. E. 587); *Great Western Coal Co. v. Ry. Co.,* 98 Fed. 274 (39 C. C. A. 79); *Keller v. Boatman,* 49 Ind. 104; *Newman v. Bradford,* 5 Ky. Law Rep. 764; *Reichenback v. Association,* 112 Mo. 22 (20 S. W. 317); *Lee v. Harris,* 206 Ill. 428 (69 N. E. 230, 99 Am. St. Rep. 176); 3 Cyc. 447-448.

In the first of the cited cases, *Buffalo v. Ry. Co.,* the

question is argued very lucidly, and, without taking time to quote therefrom, we may say it fully sustains the rule we here apply.

II. Noticing next the trial court's ruling sustaining defendant's motion to expunge the record entry made on the first trial of the verdict, special finding and judgment in plaintiff's favor, we again express our inability to appreciate the supposed necessity of the motion or ruling, or to understand in what respect such order affected either the rights of the parties or the issues to be considered in the new trial. The reversal of the judgment left it without force or effect, and operated as a matter of law to set aside or render nugatory the verdict or findings of the jury on that issue. It did not require any order of the court pruning or substituting the record to ascertain or designate the issues remaining for trial, and, as we have already said, there was no occasion for burdening the record with this order, but here also was no error affecting any substantial right of the parties. The defendant gained nothing and the plaintiff lost nothing by the order.

2. SAME.

III. We now come to the plaintiff's exception to the order sustaining the motion for judgment in defendant's favor on its counterclaims. Eliminating from consideration all matters pertaining to other issues which have been disposed of by the former adjudication, and treating the case as pending solely upon the third count of the petition for the recovery of commissions and the answer and counterclaims thereto, the sole question left on this appeal may be stated as follows: The jury found an amount due plaintiff on his claim and a lesser amount due defendant on its counterclaims, and returned a general verdict for plaintiff for the difference between these sums. Upon this verdict, after a motion for judgment in defendant's favor on its counterclaims had been overruled, an ordinary judgment was entered against the defendant for the recovery of the sum so ascertained. On appeal to this court that judgment was reversed

3. SAME.

and new trial ordered because of errors in the court's instructions and in rulings upon evidence. May the defendant, upon remand to the trial court and before proceeding to the new trial, have judgment entered in its favor upon the counterclaims, leaving nothing to try to a jury except the direct issue joined upon the claims for commissions?

The trial court, upon presentation of that question by defendant's motion made after remand, decided the same in the affirmative, and gave the defendant judgment for the amount which the jury on the former trial had credited or allowed in reduction of plaintiff's claim. After considerable reflection, we are of the opinion that in this ruling the court erred. Whatever may be the holding in cases such as we have considered in the first paragraph of this opinion, we think it the rule, with little, if any, exception, that where in an ordinary law action for the recovery of money there is a single indivisible claim met by one or more defenses with or without counterclaim or set-off, and an ordinary money judgment is returned for part or all of the plaintiff's claim, a reversal of the judgment on appeal, with order for new trial general in form, and with no directions to the trial court limiting its scope or effect, brings the case back for trial upon the issues joined just as if the former trial had never taken place. Speaking upon this subject, the Illinois court has said that the effect of the reversal of a judgment and order for new trial without specific directions or limitations is to remand the cause for further proceedings, "precisely as if no trial had ever occurred." *Illinois S. T. Co. v. Ry. Co.*, 217 Ill. 504 (75 N. E. 562). The effect of a general and unqualified reversal as deduced from the authorities is said in 3 Cyc. 460, to nullify the judgment appealed from completely, and "to leave the case standing as if such judgment had never been rendered." In the case of *Minneapolis Mill Co. v. Ry. Co.*, 58 Minn. 512 (60 N. W. 341), a former judgment had been reversed in general terms, and on remand being made to the trial court, the defendant sought to restrict the issue to

be retried to the question upon which the case was reversed. This it was held it could not do. The court says:

The judgment entered in this court granted a new trial, and if defendant desired a modified judgment, he should have at least made application to this court for that purpose. . . . The judgment rendered by this court was an entirety, and its effect was to allow such party to insist upon a new trial upon all the issues involved in the pleadings.

Indeed after considerable research we have been unable to find any authority sustaining the position that after a reversal of a judgment in a law action, with an order for new trial limited by no directions from the appellate tribunal, the trial court may proceed to enter judgment for either party on any of the issues joined because of anything appearing in the record of the former trial. Counsel for appellee cite us to no precedent of that kind, and it does not appear to us sustainable on principle.

It seems to be argued that as the jury in addition to its general verdict for the plaintiff made special findings showing that its amount was determined by finding the sum due the plaintiff on his claim and a lesser sum due the defendant on its counterclaims, and awarding plaintiff a recovery on the difference, such special finding may still be treated a verdict in its favor, on which the trial court may enter judgment in its favor notwithstanding the general verdict. In our judgment under the record before us it cannot be said that the special finding survives the reversal of the judgment, or may thereafter be utilized as the foundation of a judgment in favor of the party upon whose appeal a reversal and general order for new trial has been granted. It does not come within the rule which we have applied to the claims stated in the first and second counts of the petition. They not only presented distinct and severable causes of action, but they were in fact severed by the rulings and judgments of the trial court on motion of the defendant, and no appeal was taken therefrom.

Defendant, as we have seen, also attempted to sever the issue upon its counterclaims from the issue upon plaintiff's claim but this was denied, and a single inseverable judgment was entered upon the general verdict. Upon appeal the denial of the motion for such judgment was held to be correct, but for error affecting the general judgment a new trial was awarded, reopening all the issues upon which such judgment had been rendered. The verdicts, both general and special, upon which that judgment was based necessarily fall with the reversal of such judgment, at least where the reversal is coupled with an order for new trial without specific directions. The failure' of plaintiff to appeal does not affect the situation as to the issues upon the third count of the petition. He had no occasion to appeal. It was open to him if he saw fit to submit to the reduction of his claim in this manner and leave it for defendant to take the hazard of reopening the question by a successful appeal. The trial court having refused to sever the issue upon the counterclaims, the special finding, with the general verdict, was merged in the judgment, and both were in legal effect vacated or set aside by the reversal.

Much is said, however, concerning a clause in the opinion of this court on the former appeal having reference to defendant's motion for separate judgment on its counterclaims. It reads as follows:

Defendant was not entitled to separate judgments on the two items of counterclaim found in its favor. The trial court correctly directed the jury to credit the amount thereof on the sum found due the plaintiff. Whether or not upon remand, in view of plaintiff's failure to appeal, defendant is entitled to judgment on these two items allowed it on its counterclaim we shall not now determine. *As the case stood when the matter was passed upon by the trial court, defendant was not entitled to judgment on those items.*

This is treated by counsel as a suggestion by this court that upon remand of the case the defendant would be entitled to such judgment upon a renewal of its motion therefor. This

is hardly justified.   The opinion does not so say, and it is not
to be fairly implied.   Such saving clauses are frequently made
use of by us in order that we may not seem to be disposing
of any question of law or practice by mere dictum in advance
of its actual presentation for our decision.   It is possible, too,
they are sometimes used with the thought that they will act
as shock absorbers to minimize the jar resulting from an
adverse ruling.   There was no occasion for the court at that
time to decide the question now before us, and very clearly it
did not attempt to decide it.   In our opinion the motion for
judgment on defendant's counterclaims should have been
overruled.

It follows that the rulings of the district court from which
this appeal has been taken, so far as they relate to the first and
second counts of the petition, must be affirmed, but the judg-
ment entered against plaintiff upon defendant's counterclaims
must be reversed.   The issues joined upon plaintiff's claim for
commissions and upon defendant's counterclaims will there-
fore stand for new trial as if the former trial had not occurred.
The costs of this appeal will be apportioned, one-half taxed to
each party.—*Affirmed* in part.   *Reversed* in part.