Lancaster v. Connecticut Mutual Life Ins. Co.

LANCASTER, *Trustee*, v. THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, *Appellant.*

1. **Negligence**: FALLING WALL: LIABILITY OF OWNER. In an action for damages for negligence in the erection of a wall, whereby it fell and injured plaintiff's building, where the defence was, that the contractors, and not the defendant, who was the owner of the wall, were liable, it was proper to instruct the jury that if the negligence which caused the injury was not in the workmanship or the materials to be furnished by the contractors, but in the plans and specifications of the work, then the owner was liable.

2. ———: ———: ———. It was the duty of the owner to use all reasonable care and caution in providing plans and specifications, to the end that the erection, when made in accordance with them, would not be dangerous to the adjoining property.

3. ———: ———: CONTRACTORS, WHEN LIABLE. Where in such case the plans and specifications are sufficient to secure a safe construction of the work, and the work is insufficiently done by independent contractors, then the owner is not liable.

4. **Contract, Construction of.** Where a contract for changing and remodeling a building provides that the work shall be done in a good and workmanlike manner, or in the very best manner, these words must relate to the things specified to be done, the contract being general in its terms and referring to the specifications.

5. ———. It was provided in the contract that "the partitions, walls, archways, stairs, etc., which conflict with the plans for the remodeling, are to be taken down, or filled up, as may be required," and "the old work to be joined on the new in the very best manner and anchored where directed;" *held*, that the directions were to be given by the owner and not by the contractors.

6. **Trustee**: DAMAGES, RIGHT OF ACTION FOR. Where a trustee held the property of plaintiff at the time it was injured, to collect and apply the rents and with power to sell, his exercise of the power will not deprive him of the right of action for the damages.

7. **Civil Practice**: DIFFERENT COUNTS AND SEPARATE FINDINGS. Where there are separate and distinct causes of action joined in the same suit, but stated as they should be in different counts, there should be a separate finding on each count.

Lancaster v. Connecticut Mutual Life Ins. Co.

8. ———— : ————. Where there is but one cause of action, though
stated in different counts, there may be a general verdict,, or a ver-
dict, on one count for the plaintiff, and for the defendant on the
other, is proper. A substantial verdict in such case for the plain-
tiff on one count and a nominal one on the other will be sustained,
and the latter treated as a finding for the defendant.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Dyer, Lee & Ellis* for appellant.

(1) The trustee's right of action was lost when he
ceased to. be trustee. *Huckabee v. Billingsley,* 16 Ala.
414; *De Bervise v. Sanford,* 1 Hoff. Ch. 195. (2) While
two counts in the petition to meet the proof are permissi-
ble (*Brinkman v. Hunter,* 73 Mo. 172), there can be but
one recovery and satisfaction. *Owens v. Railroad,* 58
Mo. 394; *Brinnell v. Railroad,* 47 Mo. 239; *City, etc., v.
Allen,* 53 Mo. 49. (3) The jury were not justified in as-
suming that the abutting wall fell first, and their finding
in this respect is in entire disregard of the testimony
and against the instruction of the court. (4) The trial
court committed manifest error in leaving the jury to
construe the plans and specifications, and determine
whether they were sufficient to secure a safe construc-
tion of the work. (5) The court also committed error
in refusing defendant's instruction, to the effect that if
the injury to plaintiff's property was caused by the fall-
ing of the party wall, and that this wall fell by reason of
its own inherent weakness and defect, then plaintiff
could not recover.

*Broadhead & Haeussler* for respondent.

(1) The defendant is liable, under the circum-
stances of this case, for the damages caused to plaintiff
by the falling of the party wall caused by the act of de-

fendant's agents and employes. *Crawshaw v. Sumner*, 56 Mo. 523; 2 Washburn on Real Property, 330-332; *Earle v. Beadleston*, 42 N. Y. 294. (2) If the manner in which the work was to be done, under the terms of the contract, did make it dangerous to plaintiff's property, and injury did result therefrom, or if defendant reserved to itself, to any extent, a control over the contractors as to the manner in which certain work should be done, or if the manner in which it was to be done was left open for the directors of the defendant, and defendant failed to give proper directions on that subject, by reason of which the damage ensued, then defendant is liable. *Horner's Adm'r v. Nicholson*, 56 Mo. 220; *Lottman v. Barnet*, 62 Mo. 162; *Garretzen v. Duenckel*, 50 Mo. 104; *Howe v. Newmark*, 12 Allen 49. (3) The throwing down of the plaintiff's house is the injury complained of. If part of the injury was caused in one way and part in another, although both facts may be stated in the pleadings, there is really but one count, or cause of action, because the cause of action is the throwing down of the building.

BLACK, J.—The plaintiff and the defendant owned adjoining lots fronting on Fourth street, in the city of St. Louis, extending back to an alley. There was a five-story brick building upon each lot, the wall between them being a party wall. The first count of the petition in substance states that, in September, 1881, the defendant erected upon its property a brick wall, so as to abut against the party wall; that the same was carried to a great height; that the defendant negligently caused the wall to be erected in such an insecure and defective manner, and with such insufficient foundation and supports, that the supports gave way, and the wall fell upon plaintiff's building, crushing it, to the damage, etc. The second count states that the defendant erected the new wall in such

a manner as to bear with great weight upon a girder, which was negligently inserted into the party wall without providing a sufficient foundation or supports therefor; and that defendant negligently omitted to employ competent and skilled men to superintend. and construct the wall and other alterations of the old building. In other respects this count is the same as the first.

The defendant's property is known as the old St. Nicholas Hotel, and the plaintiff's, which is to the south of the other, is known as the Nelson House. Plaintiff's building extended from the street, on the east, to the alley, on the west, and the St. Nicholas Hotel building extended west, to within some thirty-five feet of the alley. It is shown that the greater portion of the party wall between the St. Nicholas and the alley was in a bad condition, was cracked, and the bricks, in places, were well rotted, from heat and moisture from a laundry, attached to the St. Nicholas. The condition of this portion of the party wall was well known to both parties. The defendant determined to convert the St. Nicholas Hotel into store-rooms, and, to that end, entered into a written contract, plans and specifications, with Messrs. Barnes & Morrison, contractors and builders. It appears that the plans and specifications were prepared by the contractors, but it is equally clear that they were approved by the defendant, at the home office, and were approved and signed by the defendant's agents, Messrs. Budd & Wade, at St. Louis. In the execution of the contract, according to the plans, it became necessary for the contractors to remove the rear wall of the St. Nicholas Hotel, and place it some six or eight feet towards the alley—twenty-five feet east of the alley. This new wall rested upon a girder, and extended to a height of four stories above the ceiling of the first story. The north end of the girder was supported by the defendant's north wall, and the south end was inserted in the

party wall. The girder was of two pieces, joined at the center, and there supported by an iron column. After the new wall had been built, or nearly completed, it and the rear wall of the plaintiff's house fell down.

There is much evidence to the effect that the party wall, at the place where the new one joined it, was weak, to the knowledge of the defendant's agents, and that the only safe way to build the new wall was, either to place a pillar, or abutment, next to the party wall, and let the girder rest on that, or to firmly anchor both ends of the new wall into the side walls, and that neither was done. There is evidence to the effect that, by building an abutment, or placing a pillar of iron at the party wall, there would have been no danger. On the other hand, there is evidence tending to show that a pillar, or abutment, was not necessary; that the party wall, at the point of juncture, was sound and safe; that the party wall, next to the alley, fell from its inherent weakness, dragging with it the new wall, and other portions of the party wall, to a point eight or ten feet beyond the place where the two walls joined.

The jury returned the following verdict: "We, the jury, find for the plaintiffs, on the first count, and assess their damages at one dollar. We, the jury, find for the plaintiffs, on the second count in the petition, and assess their damages at the sum of $4,900."

1. A question made by the appellant is, that Barnes & Morrison were independent contractors, and they, and not the defendant, are liable for the injuries resulting to the plaintiff's house. If the negligence which produced the injury was not in the workmanship, or the materials to be furnished by the contractors, but in the plans and specifications, then the defendant cannot be relieved from liability, or shift the responsibility to the contractors. *Horner v. Nicholson*, 56 Mo. 220; *Morgan v. Bowman*, 22 Mo. 538. It was the duty of the defendant to use all reasonable care and caution in providing plans

and specifications, to the end that a building, when constructed in accordance with them, would not be dangerous to the plaintiff's property. The instructions for plaintiff are in entire accord with what has been said, for they proceed upon the theory that the plaintiff could recover, though Barnes & Morrison were independent contractors, provided the injury arose from, and was occasioned by, the use of defective plans. But it is contended, on the other hand, and correctly, too, that if the plans and specifications were in themselves sufficient to secure a safe construction of the work, and that the work was insufficiently done, by independent contractors, then the defendant should not be held liable. This principle of law is incorporated in an instruction given at the request of the defendant.

It is, no doubt, the duty of the court to construe written contracts, and, in view of this, it is earnestly contended that the court erred in refusing to give the following instruction, asked by the defendant:

"5. The court instructs the jury that, under the contract, plans and specifications read in evidence in this cause, it was the duty of the contractors, Barnes & Morrison, to erect, in a good and substantial manner, the improvements in said contract, plans and specifications named, and to this end it was not necessary to insert in the plans, specifications and contract, the manner in which the wall to be erected on property of defendant was to be supported."

The purpose of this instruction would seem to be to throw the duty of placing supports under the girder on the contractors, though not specified, and this on the ground that the contract required them to do the work in a good, workmanlike manner. The contract is general in its terms, and refers to the specifications. The specifications provide, in detail, for the various kinds of work, including the iron, stone, and brick work. Among

other things, they provide, that "the partitions, walls, archways, stairs, etc., that conflict with the plans, are to be taken down or filled up, *as may be required;*" and, in speaking of the brick work, that "the old work to be joined on the new in the very best manner, and anchored, where *directed.*" Although the specifications deal with details, there is nothing said with respect to a support at the party wall, upon which that end of the girder should rest. We do not understand that anything of the kind is shown, on the drawing. It is clear that a pier or pillar, at the party wall, to support the girder, was not contemplated by the contract. Where it is provided that the work shall be done in a good and workmanlike manner, or in the very best manner, those words must relate to the things specified to be done. The claim made by the appellant, that the words *as may be required* and *where directed*, mean required and directed by Barnes & Morrison, cannot be sustained; such a reading of them is at war with the very object and purpose of the contract. It makes the contractors do, and only do in the respects mentioned, what they may require themselves to do. The directions are to be given by the defendant, or its agents. No other construction can, in reason, be given to them. Again, these words apply to matters of detail, and in no event can they be construed to require the contractors to erect a pier, or place an iron column under the end of the girder. The instruction attempts to give to the contract a construction which it will not bear, and was properly refused.

2. The court gave an instruction, at the request of the defendant, which, after stating that the plaintiff makes no claim for damages, except such as were occasioned by the falling of the wall built by the defendant, concludes as follows: "the plaintiff cannot recover, in this action, unless she has proved, to the satisfaction of the jury, that said abutting wall fell before said party wall." The claim here is, that the evidence all shows

that the party wall fell first, and that the jury disregarded the instruction. Both counts do conclude with the statement that the defendant's wall fell upon the plaintiff's house, crushing it, etc. ; but the grievance complained of is, that defendant failed to place supports under the girder, by reason of which the party wall gave way. If the party wall yielded to the weight upon it, and caused both walls to fall, we do not see how it is material which came to the ground first. The instruction may be, in a sense, misleading, but the defendant cannot be heard to complain of such an error, brought about at its own request.

3. After the damages had accrued, and shortly before the commencement of this suit, the trustee sold the property, but it is not claimed that there was any assignment of the damages, to the purchaser, or any one else. Mr. Lancaster, the trustee, held the property in trust, to apply the rents and income to the sole and separate use of Mrs. Nelson, a married woman, with power to sell the property. The property had been rented, the tenants accounting to the trustee, and he to Mrs. Nelson. It is true that, upon the sale of the property, the trustee's dominion over it ceased, but his right and power to collect the damages remained, unaffected by the sale. He certainly would have been required to discharge any debt, previously contracted in respect of the property, and might have collected any unpaid rents, notwithstanding the sale, and, in like manner, he may prosecute this suit.

4. Finally, it is insisted that the judgment should have been arrested, because there are two verdicts, for the same cause of action. It is now settled, in this state, that, under our code, the plaintiff may state the same cause of action in different counts of the petition. *Brinkman v. Hunter*, 73 Mo. 172. Where there are separate and distinct causes of action, joined in the same suit, but stated in separate counts, as they should be, there should be a separate finding upon each count. *Bricker*

*v. Railroad*, 83 Mo. 391.    But where there is but one cause of action, though stated in different counts, there need be but one finding or verdict.    The verdict, in such cases, may be general.    It need not mention either count. *Brownell v. Railroad*, 47 Mo. 240 ;  *Brady v. Connelly*, 52 Mo. 19 ;   *Owen v. Railroad*, 58 Mo. 394.    As stated, in the case last cited, a finding upon any one count would be a bar to a recovery on the other counts, upon any of the counts.    Regularly, there should have been either a general verdict, or a verdict upon one of the counts.    A verdict upon one count, for plaintiff, and a finding for the defendant, on the other, would also have been proper enough.    In this case, the verdict on the first count is but for one dollar, a nominal finding for plaintiff. Practically, it is a finding for defendant, on that count. There can be no possible doubt· but the jurors intended to award substantial damages, and this they did do, on the second count.    That verdict is supported by abundant evidence, on fair instructions, and there is no such error as to materially affect the merits of the action, in view of the fact that the plaintiff has remitted one dollar in this court.

The *remittitur* will be entered, and the judgment affirmed, for $4,900, to bear interest from date of the judgment in the circuit court.    The costs of this appeal, in this court and the court of appeals, will be taxed to respondent.    All concur.