GREAT WESTERN COAL CO. v. CHICAGO G. W. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1899.)

No. 1,208.

1. PLEADING—JOINDER OF COUNTS IN PETITION.

A count in a petition, setting out a contract between plaintiff and defendant, and alleging its breach by defendant, and the damages sustained by plaintiff thereby, for which judgment is asked, and a count alleging the same facts, and, in addition, that a subsequent contract was made between the parties, by which defendant agreed to pay plaintiff a certain sum in compromise and settlement of such claim for damages, that defendant had failed to comply with such agreement, and asking judgment for the amount so agreed to be paid, are not inconsistent under the Code of Procedure of Missouri, since the facts alleged in the two counts are consistent, and they may both properly stand under such Code; the only effect of the additional matter alleged in the second count being, if proved, to liquidate the amount of damages recoverable for the breach of the original contract.

2. APPEAL—PREJUDICIAL ERROR—COMPELLING ELECTION BETWEEN COUNTS OF PETITION.

Under the Missouri Code a plaintiff is permitted to state the same cause of action in separate counts in different forms to meet the proof, and, where the counts of a petition meet the requirements of such provision, it is prejudicial error to compel an election between them before trial.

3. PLEADING—WAIVER OF ERROR.

Where a plaintiff is erroneously required to elect, before trial, between two counts of his petition, which state the same cause of action in different forms, and under which there could be but a single recovery, and he saves an exception to such ruling, he does not waive the exception by going to trial on the remaining count.

4. APPEAL—JUDGMENT ON REVERSAL.

A plaintiff was erroneously required to elect, before trial, between two counts of his petition, which stated the same cause of action in different forms to meet the proof, and on his election a judgment of dismissal was entered as to the abandoned count. A trial on the remaining count resulted in a judgment for defendant. *Held*, it appearing that there was no error in the trial, that the judgment on the count so tried would be affirmed, but that plaintiff was entitled to a reversal, and a trial on the count dismissed.

Sanborn, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Stephen S. Brown (R. A. Brown and J. E. Dolman, on the brief), for plaintiff in error.

Frank Hagerman (Daniel W. Lawler, L. C. Krauthoff, and James C. Davis, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The general question which arises upon this record is whether the trial court committed an error in compelling the Great Western Coal Company, the plaintiff below and the plaintiff in error here, to elect, in advance of the trial, upon which one of two causes of action stated in its petition it would proceed to trial. The motion to compel an election, which was made in behalf of the Chicago Great Western Railway Company, the defendant below and the defendant in error here, was sustained, notwithstanding an objection which was duly interposed by the plaintiff company. Having been compelled by a peremptory order of the trial court to choose as between the two counts contained in its petition, it elected to stand on the second count, whereupon the court ordered and adjudged that the first count be dismissed at the costs of the plaintiff. A trial was afterwards had on the second count, which resulted in a verdict and judgment in favor of the defendant company.

The first count of the petition was an ordinary declaration upon a contract, for a breach thereof; and the second count was likewise a declaration upon a contract, and claimed damages for a breach of the same. It will suffice to say, generally, concerning the two counts of the petition, without reciting either of them at length, that in the first count the plaintiff company alleged, in substance, that it had theretofore made a contract with the defendant company to supply to the latter a large quantity of coal at certain of its coaling stations along the line of its road at an agreed price of $1.45 per ton; that it had proceeded with the execution of said contract up to a certain point, and had delivered a certain quantity of coal, when one of its coal veins gave out, or proved defective; that it thereupon entered into an agreement with another coal company, to wit, the Maple Grove Coal & Mining Company, to obtain from the latter at its mines the amount of coal which was necessary to enable it to complete its contract with the defendant company, and that it advised the defendant company of such fact, and of the terms of the arrangement; that the defendant, when so advised of the arrangement between the plaintiff and said Maple Grove Coal & Mining Company, assented to the arrangement which had been so made, and agreed to take the remainder of the coal which was due under its contract with the plaintiff from the mines of said other coal company, pursuant to the terms of the agreement between the plaintiff and said other company; but that the defendant company subsequently refused to take any coal from the mines of said Maple Grove Coal & Mining Company in fulfillment of the contract with

the plaintiff, as it had agreed to do, although the plaintiff was at all times ready and willing to supply coal in the quantities needed, and strictly in accordance with the modified agreement. For the breach of the aforesaid agreement damages were demanded by the plaintiff in the sum of $65,000.

, The second count of the plaintiff's petition was the same as the first up to the ad damnum clause and prayer for judgment. It was then averred, in substance, that, inasmuch as the plaintiff claimed damages from the defendant in the sum of $50,000 because of the breach of the contract described in the preceding paragraphs of the count, the two parties—that is to say, the plaintiff and defendant—had thereupon entered into another agreement for the purpose of compromising and settling the differences that had arisen under the first contract, by which compromise agreement it was made obligatory upon the defendant to pay to the plaintiff the sum of $24,000 in installments as soon as the plaintiff had made a settlement with said Maple Grove Coal & Mining Company which would be effective to release the defendant company from all obligation on its part to take more coal from said Maple Grove Coal & Mining Company. The plaintiff next averred that with great difficulty and expense it had caused such a settlement to be made with the Maple Grove Coal & Mining Company, but that the defendant, in violation of the second or compromise agreement, had wholly failed to keep and perform the same, to the damage of the plaintiff company in the sum of $24,000, for which latter amount it demanded a judgment.

In support of the judgment below it is argued that the two counts of the petition are inconsistent, and that for that reason the motion to require an election was properly sustained. We think, however, that this view of the case is erroneous, since the facts alleged in the first count are obviously consistent with those alleged in the second, in that proof of the facts averred in eit 'r count would in no wise disprove the facts stated in the other. The first contract may have been made and broken to the plaintiff's damage in the sum of $65,000, and thereupon the parties may have entered into the second or compromise agreement, which was likewise broken to the damage of the plaintiff in the sum of $24,000. Clearly, therefore, there is no inconsistency in matters of fact, and it is such an inconsistency—that is to say, where the proof of one state of facts alleged disproves the other—which vitiates a pleading under the Code of Procedure of the state of Missouri, from whence this case comes. Nelson v. Brodhack, 44 Mo. 596; Roberts v. Railway Co., 43 Mo. App. 287, 289. It is true, no doubt, and that point may be conceded, that the plaintiff below was not entitled to a judgment under both counts of his petition. If he succeeded in recovering a verdict on the first count, there was no basis for a recovery on the second; and if he was successful in establishing the compromise agreement alleged in the second count, then it followed that, as the parties had liquidated the damages occasioned by the breach of the first contract by mutual agreement, the recovery by the plaintiff of such liquidated damages would necessarily prevent a recovery on the first count. Do these considerations lead to the conclusion that the trial court

could properly compel an election before any testimony was introduced? We think not. Under the Missouri Code of Procedure it is the established doctrine that the provision of the Code of that state which requires the plaintiff to set forth in his petition "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition" does not prevent a party plaintiff from stating the facts which entitle him to a single recovery in different counts, and so varying the form of the statement as to meet any possible state of proof. Brinkman v. Huhter, 73 Mo. 172, 178, 179; Lancaster v. Insurance Co., 92 Mo. 460, 467, 5 S. W. 23. No more perspicuous illustration of the rule last stated can be given than is afforded by the case first cited in support thereof. Certain telegraphic correspondence between the parties to the suit was declared upon in one count as an acceptance of a draft, and in the second count as a promise to accept. It is clear that the correspondence in question could not, in point of law, be both an acceptance and an executory agreement to accept. It was either the one or the other. Nevertheless the court held that the method of pleading was proper under the Missouri Code, and that, while there could be only one recovery or satisfaction, the court could not compel the plaintiff to elect upon which count of his petition he would proceed to trial. So, in the case in hand, the court had no right to compel the plaintiff to abandon one of its counts, and by so doing part with a possible right of recovery before any evidence had been adduced. If an election can be compelled in such cases as the one in hand, it certainly ought not to be enforced until all the evidence has been adduced; and even then we see no necessity for forcing an election, since it is always possible to submit both counts to the jury under proper instructions, advising them therein in an appropriate way that the plaintiff is entitled to but one satisfaction, and that a finding for the plaintiff on one count will necessarily compel them to find in favor of the defendant on the other. In the case at bar, and in all others of a similar character, where, by reason of the complexity of the transaction, it is permissible, as in the state of Missouri, to state a single cause of action in different ways to meet the proof, the practice last suggested is, in our judgment, the proper procedure.

It was suggested in the course of the oral argument, as we understood, that, although the plaintiff company had been compelled to abandon the first count of its petition, and submit to a judgment dismissing that count, yet the cause of action stated in that count was not barred by the adverse judgment subsequently rendered on the second count, and that the plaintiff was still at liberty to sue on the count which he had been forced to dismiss. If this proposition was tenable, it would serve to further convince us of the error that was committed in compelling an election, since the Missouri Code of Procedure (Rev. St. Mo. 1889, § 2040) permits a joinder of two or more causes of action in the same petition or complaint which arise out of "contract express or implied" where they affect "all parties to the action," and do not "require separate places of trial." The two counts of the petition were founded on contracts existing

between the plaintiff and the defendant, and did not require separate places of trial; hence they were properly joined in one petition, and from the standpoint last mentioned it was wrong to force an election, and compel two trials where one would have sufficed. The suggestion, however, that the plaintiff may still sue on the abandoned count does not seem to be tenable, since in such cases as the one in hand, where a plaintiff having the right to a single recovery states his case in two ways to meet the proof, a verdict and judgment rendered on either count is a bar to a suit on the other. This is the Missouri rule, which has been enforced by several local decisions. Owens v. Railroad Co., 58 Mo. 386, 394; Lancaster v. Insurance Co., 92 Mo. 460, 468, 5 S. W. 23; Brownell v. Railroad Co., 47 Mo. 239. The result is, therefore, that the verdict on the second count, which was rendered in favor of the defendant below, would probably prevent the plaintiff from bringing another action; but, if such is not the result of that verdict, the judgment which was entered, dismissing the first count with costs, is apparently final as to that count if it is allowed to stand. The action of the trial court, therefore, in compelling the plaintiff to elect as between the two statements of its cause of action which it thought proper to make, has deprived it of the right to a hearing on the first count, to which, as we think, it was clearly entitled.

It is further claimed in behalf of the defendant company that by electing to stand on the second count after it was ordered to do so, and by proceeding to a trial on that count, the plaintiff company thereby waived the exception which it took to the action of the trial court in compelling an election, and cannot be heard to insist on that error in this court. Several decisions by the supreme court of the state of Missouri are cited in support of this contention, in which it has been held substantially that, if a defendant goes to trial on an amended petition after his objection to the amendment thereof has been overruled, he cannot assign error on appeal because of the amendment; also that a defendant cannot assign error because his answer is stricken out if he subsequently files an amended answer in place of that which was adjudged insufficient, and goes to trial thereunder. Fuggle v. Hobbs, 42 Mo. 537; Sauter v. Leveridge, 103 Mo. 615, 15 S. W. 981; Holt Co. v. Cannon, 114 Mo. 514, 519, 21 S. W. 851. We think, however, that the principle on which these decisions appear to rest is not applicable to the case at bar, but that the rule announced in Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, is more in point, namely, that a person does not waive a valid objection to the mode of service if, after appearing specially, and moving to set the wrongful service aside, he answers to the merits, and goes to trial, first having reserved an exception to the action of the court in refusing to quash the service. The principle which underlies that decision seems to be strictly applicable to the case in hand. When the plaintiff was compelled to elect as between the two counts in its petition, it may have made elaborate preparations for a trial on the second count, the benefit of which it did not care to lose, as it would have done if it had refused to elect, and had suffered an adverse judgment to be entered

against it on both counts. It was entitled, as we think, to a trial on one count of the petition if it could not obtain a trial on both, and by going to trial on the second count—which was all that it could obtain—it should not be held to have thereby lost its right to a trial on the other count, which it was forced to abandon. If it had recovered a verdict and judgment under the count on which it saw fit to stand, that would probably have ended the case, as it was only entitled to one satisfaction; and in that event the enforced election would have been regarded on appeal as error without prejudice. But, as the plaintiff failed to recover on the second count, we are of the opinion that it is now entitled to a trial on the first count, and that the defendant company, which induced the error by its motion to compel the election, is not in a position to complain of that result. The two counts, not having been tried together, must now be tried separately, to afford the plaintiff that opportunity for relief which the law requires.

The trial on the second count of the petition seems to have been conducted fairly, and no errors are assigned with respect thereto which would warrant a reversal of the judgment upon that count. The record shows that two judgments were in fact rendered,—one upon the first count, which was erroneous, because the plaintiff was wrongfully compelled to abandon that count; and one upon the second count, which is not affected by error. Under these circumstances we think that the judgment on the second count should be affirmed, and that the judgment dismissing the first count should be reversed, and the cause remanded for a new trial on the first count. It is so ordered.

SANBORN, Circuit Judge (dissenting). If the counts in a petition state facts which constitute different and inconsistent causes of action, the plaintiff should be compelled to elect upon which he will proceed to trial; but if they merely state in different ways the same facts which constitute the same cause of action, no election should be required. It is an inconsistency in the facts stated which constitute the causes of action, and not in the ways of stating the same facts, which warrants the election. The authorities cited in the opinion of the majority sustain this rule. They were all cases where the facts constituted but one cause of action, and the counts were merely different ways of stating these facts. Thus the two counts in the petition in the case upon which the opinion of the majority seems to rest—the case of Brinkman v. Hunter, 73 Mo. 172, 176—were different ways of stating the legal liability upon a single telegram in these words: "We will pay Clark and Goldsby's draft, six hundred eight dollars ninety-two cents." As the court said at page 179:

"In the first count the telegram of the defendants is declared upon as an acceptance by them for the sum of $608.92. In the second count the plaintiffs sue for a breach of the promise to accept contained in the telegram."

Here was but a single cause of action, based on a single fact stated in different ways, so that there was no ground for an election. There was no inconsistency in the facts upon which the two

counts rested, because they were based upon the same facts. The distinction between such a case and one in which the facts stated. in the counts of 'a petition are so different and inconsistent that, if those stated in one of the counts exist, the cause of action stated in the other cannot be, is plainly pointed out in the other decisions of the courts of Missouri cited in the opinion of the majority. In Nelson v. Brodhack, 44 Mo. 596, 599, the supreme court of that state said, in speaking of inconsistent defenses:

"Some interpretation, then, of the term 'consistent defenses' should be adopted, if possible, that shall be consistent with the statute, and secure the rights of defense. That right will be secured if the consistency required be one of fact merely, and if two or more defenses are held to be inconsistent only when the proof of one necessarily disproves the other."

In Roberts v. Railway Co., 43 Mo. App. 287, 289, Judge Rombauer, in delivering the opinion of the court, said:

"The office of pleadings is to produce issues of fact or of law, and. as the proof in all cases must correspond with the allegations made, it would lead to the most absurd results if the plaintiff, in support of one count of his petition, were permitted to adduce evidence, the tendency of which is to directly contradict his averments in another count of the same petition. It results from the above, as the correct rule, that where several counts in the same petition are inconsistent, so that the proof of one necessarily disproves the other, the court should, if requested by the defendants so to do, and may, of its own motion, compel the plaintiff at any time to elect on which one of the inconsistent counts he will proceed to trial."

There are three established tests for the determination of the identity of causes of action. They are: Will the same evidence support both? Will the same measure of damages govern both? And will a judgment against one bar the other? Whalen v. Gordon, 37 C. C. A. 70, 95 Fed. 305, 313; Scovill v. Glasner, 79 Mo. 449, 453; McDonald v. Jackson, 55 Iowa, 37, 7 N. W. 408. Let us apply these tests to the causes of action pleaded in the petition in the case in hand. (1) One of these causes is for the recovery of $65,000 for the breach of a contract to purchase coal at certain rates. The other is for the recovery of $24,000, which the defendant promised to pay in compromise settlement and discharge of the claim for the $65,000. The only evidence necessary to prove the first cause of action is the contract of purchase, the refusal to perform it, and the profits lost. But this evidence will not sustain the second cause. That cause requires for its maintenance proof that the claim for $65,000 was compromised and settled, and that the defendant agreed to pay $24,000 in consideration of that settlement. Moreover, proof of these additional facts, necessary to the maintenance of the second cause of action, establishes the fact that the first cause does not exist, and that the liability on which it rests has been settled and discharged. The proof of the second cause necessarily disproves the existence of the first. (2) The measure of damages in the first cause is the profits which the plaintiff would have made from the sale of coal. In the second cause it is the amount which the defendant promised to pay in compromise of the original claim. (3) A judgment that the second cause of action does not exist is no bar to the first cause. Witness the proposed

order in this case affirming the judgment for the defendant on the second cause of action and permitting the plaintiff to proceed to recover a judgment on the first notwithstanding. Thus each of the three established tests shows that the causes of action in question here differ in the facts indispensable to their respective maintenance; that the variance does not consist in different ways of stating facts which constitute the same cause of action, but that the facts essential to the maintenance of the cause stated in the second count of the petition are fatal to the existence of that set forth in the first count; that the facts essential to the maintenance of the cause set forth in the first count are insufficient to sustain that pleaded in the second, and that a judgment against the cause stated in one of the counts is no bar to that pleaded in the other. In my opinion, the causes of action pleaded in the two counts of this petition were inconsistent, because the facts that were indispensable to the maintenance of the second were fatal to the first, and because a judgment against the second is no bar to the first. I agree with the trial judge that the plaintiff was properly compelled to elect on which of these inconsistent causes he would proceed to trial, and I think the judgments below should be affirmed. Babcock v. Hawk ins, 23 Vt. 561, 564; Henderson v. Boyd, 85 Tenn. 21, 1 S. W. 198; Perkins v. Hershey, 77 Mich. 504, 513, 43 N. W. 1021; Soap Works v. Sayers, 51 Mo. App. 314–316. The logical and necessary result of these views is that, inasmuch as the two causes of action were different and inconsistent, and the plaintiff was compelled to abandon the first without a trial on its merits, he would be entitled to commence and to maintain another action thereon, notwithstanding the judgment below, so that the practical result in this case would differ from that prescribed only in the award of costs if the judgments were affirmed, as I think they should be.