WILLIAMSON v. LIVERPOOL & LONDON & GLOBE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1905.)

No. 2,151.

1. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—STATUTE ALLOWING DAMAGES AND ATTORNEY'S FEES AGAINST INSURANCE COMPANIES.

Rev. St. Mo. 1899, § 8012, providing that "in any action against any insurance company to recover the amount of any loss under a policy of fire, life, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss the court or jury may * * * allow the plaintiff damages not exceeding ten per cent. on the amount of the loss, and a reasonable attorney's fee," is not void as in violation of the equality clause of the fourteenth constitutional amendment.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 703; vol. 28, Cent. Dig. Insurance, § 1498.]

2. PLEADING—ERROR IN STRIKING OUT—WAIVER BY AMENDMENT.

Where a motion to strike out a portion of a petition in a federal court was erroneously sustained· and the ruling duly excepted to, and such motion did not go to any insufficiency or technical defect in the petition, but was in effect a demurrer to so much of it as alleged a distinct and substantive part of plaintiff's cause of action, the plaintiff did not waive the error by complying with the order permitting him to file an amended petition omitting the averments objected to. .

3. COURTS—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE.

The rule of practice in Missouri that the filing of an amended petition in compliance with an erroneous order, which struck out parts of the original petition, is a waiver of the error, is not binding upon the federal courts in that state.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 899–902, 921.]

Conformity of practice in common-law actions to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the Western District of Missouri.

Florence Williamson sued the insurance company to recover the amount of a total loss under three policies of fire insurance, and in addition thereto damages for vexatious delay in payment, and attorney's fees. During the progress of the litigation which ensued the company tendered and deposited in court the entire amount of the policies and costs to that time. Thereafter the controversy, which was confined to the matter of damages and attorney's fees, was determined in favor of the company. The plaintiff then instituted this proceeding in error.

Boyle & Guthrie, for plaintiff in error.

M. A. Fyke and Ed. E. Yates, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The claim for damages and attorney's fees, in addition to the loss under the policies, was asserted upon the authority of a Missouri statute, which provides that, if in an action upon a policy of insurance it appears from the evidence that the company has vexatiously refused to pay, the court or jury may in addition to the amount of the loss. allow the plaintiff damages not exceeding 10 per cent. thereof, and also a reasonable attorney's fee. Rev. St. Mo. 1899, § 8012. The plaintiff's petition contained appropriate averments in support of her rights under the statute, but upon motion of the company the trial court ordered them stricken out and gave the plaintiff three days in which to file an amended petition. Exceptions to this ruling were duly preserved. The learned district judge applied to the case the doctrine of Gulf, etc., Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666, and held that the Missouri statute was in contravention of the equality clause of the fourteenth amendment, in that, being directed against insurance companies alone, it deprived them of the equal protection of the laws. The plaintiff thereupon filed an amended petition precisely like the original, except that the averments relating to the additional damages and attorney's fees were omitted. Afterwards, but

while the cause was still pending, the cases of Life Association v. Mettler, 185 U. S. 308, 22 Sup. Ct: 662, 46 L. Ed. 922, and Insurance Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204, were decided. In the Ellis Case the Supreme Court had held to be unconstitutional a state statute which imposed upon railroad corporations a penalty in the shape of a liability for attorney's fees for failure to pay certain debts. In the opinion of that court the power of reasonable classification of the subjects of state legislation and the adaptation of different rules to the different classes was admitted, but it was said that the classification "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." It was also held that the debts, the failure to pay which gave rise to the penalty, were not so different from those of other corporations as to justify the hostile discrimination against railroad companies alone.

In the Mettler Case it was decided that a classification of life and health insurance companies separately from fire, marine, and inland insurance companies and mutual benefit and relief organizations doing business through lodges and benevolent associations was not so arbitrary or devoid of reasonable basis as to be subject to constitutional objection. A state statute was therefore upheld which imposed upon life and health insurance companies refusing to pay a loss when due a penalty of 12 per cent. thereof, and in addition a reasonable attorney's fee. The doctrine of the Mettler Case was adhered to in Insurance Co. v. Lewis. Inspired, doubtless, by these later decisions, the plaintiff asked leave to amend her amended petition by reinserting the averments as to damages and attorney's fees authorized by the Missouri statute. The trial court denied the application, upon the ground that by filing the amended petition the original one was abandoned, and that plaintiff thereby accepted the ruling of the court and waived all errors in its decision. This conclusion of the trial court seems to be in accord with a rule of practice in Missouri, although a statute of that state provides in effect that; if a plaintiff fails to amend his petition as ordered, he goes out of court, and, if a defendant so fails in respect of an answer, judgment may be rendered against him as upon default. Rev. St. Mo. 1889, § 2066.

So these questions arise: Was the original order of the trial court directing the elimination from plaintiff's petition of the claim for damages and attorney's fees erroneous? If it was erroneous, did the plaintiff waive her exceptions thereto by complying with the order to file an amended petition? The first of these questions is that of the validity, under the fourteenth amendment, of the Missouri statute in virtue of which the claim was asserted. If it is not answered affirmatively by the Mettler and Lewis cases, it certainly is by the later case of Insurance Co. v. Dobney, 189 U. S. 301, 23 Sup. Ct. 565, 47 L. Ed. 821. That case involved the constitutionality of a Nebraska statute providing for a reasonable attorney's fee to be taxed as part of the costs in a suit upon a policy of insurance written to insure real property against loss by fire, tornado, and lightning. The scope of the decision is well

illustrated by a statement of the objections to the validity of the statute, all of which the Supreme Court found to be untenable.     It was said:

"All the grounds relied upon to demonstrate that the statute allowing a reasonable attorney's fee in case of the unsuccessful defense of a suit to enforce certain insurance policies is repugnant to the equality clause of the fourteenth amendment, are embraced in the following propositions: First, because it arbitrarily subjects insurance companies to a liability for attorney's fees, when other defendants in other classes of cases are not subjected to such burden; second, because, whilst the obligation to pay attorney's fee is imposed on insurance companies in the cases embraced by the statute, no such burden rests on the plaintiff in favor of the insurance companies where the suit on a policy is successfully defended; and, third, because the statute arbitrarily distinguishes between insurance policies by allowing an attorney's fee in case of a suit on a policy covering real estate, where the property has been totally destroyed, and excluding the right to such fees in suits to enforce policies on other classes of property or where there has not been a total destruction of the property covered by the insurance."

We must conclude, therefore, that the trial court erred in its first ruling, and that, assuming that the averment of vexatious delay in payment could be substantiated by proof, the plaintiff possessed a valid cause of action for damages and attorney's fees in addition to the amount of the policies.

Were the error in the original ruling of the trial court and the exceptions thereto waived by the filing of an amended petition?     It should be observed that the motion sustained by the trial court was not directed to an alleged indefiniteness, incompleteness, or insufficiency of statement in the petition, nor to mere technical defects therein.     On the contrary, it was in effect a demurrer which, being sustained, struck a vital blow to a substantial part of plaintiff's cause of action.     It is well settled in the federal practice that in cases of the former character exceptions to an erroneous ruling are waived by the filing of an amended pleading in obedience thereto, but such is not the rule where the action of the court results in the denial of a substantial right.     In the case before us, had the claim for damages and attorney's fees constituted a separate and independent cause of action, instead of being auxiliary to and dependent upon that for the primary loss under the policies, and had the plaintiff asserted it in a separate count in her petition, the attack of the company would have taken the form of a demurrer; and under such circumstances the filing of the amended petition after due exception to the ruling of the court would not have constituted a waiver.     Worthington v. Beeman, 91 Fed. 232, 33 C. C. A. 475.     The fact that the claim was auxiliary and dependent made it none the less one of substance, nor does that fact add weight to the present contention of the company.

In Great Western Coal Co. v. Railway Co., 98 Fed. 274, 39 C. C. A. 79, a case that arose in Missouri, this court held that, where a plaintiff is erroneously required to elect before trial between two counts of his petition which stated the same cause of action in different forms and under which there could be but a single recovery, and he saves an exception to such ruling, he does not waive the exception by going to trial on the remaining count.     The rule of Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, was considered analogous, namely, that a person

does not waive a valid objection to the mode of service, if, after appearing specially and moving to set the wrongful service aside, he answers to the merits and goes to trial, first having reserved an exception to the action of the court in refusing to quash the service.

Another phase of the proposition now presented was considered by this court in Board of Commissioners v. Sherwood, 64 Fed. 103, 11 C. C. A. 507. The defendant answered after a demurrer to the petition was overruled, and it was urged that the ruling of the trial court on the demurrer was erroneous. It was said:

"We have once or twice decided, in accordance with the rule which now generally prevails, that a demurrer will ordinarily be waived by answering to the merits. Where it is apparent that the transaction out of which a cause of action is supposed to have originated could not give rise to a meritorious cause of action, the rule is of course different; but a mere incompleteness or uncertainty of averment—a failure to state some fact which should have been stated to make a technically good declaration or complaint—will be of no avail in this court, when it appears that after a demurrer was overruled the party answered to the merits and went to trial on issues raised by his answer."

In Teal v. Walker, 111 U. S. 242, 4 Sup. Ct. 420, 28 L. Ed. 415, the court said:

"When the declaration fails to state a cause of action and clearly shows that upon the case as stated the plaintiff cannot recover, and the demurrer of the defendant thereto is overruled, he may answer upon leave and go to trial, without losing the right to have the judgment upon the verdict reviewed for the error in overruling the demurrer."

The Missouri rule upon this subject is not binding upon the courts of the United States. The purpose of the act of conformity (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) was to secure a harmony between the state and national courts in respect of the general structure or framework of pleading and practice in civil causes, other than those in equity and admiralty, but it does not require an adherence to the state rules in all their subordinate and minor details. The elasticity of the phrase "as near as may be" was doubtless intentionally employed to enable the national tribunals to reject such provisions as would unwisely incumber the administration of the law and tend to defeat the ends of justice. Especially in the matter of the amendment of pleadings has plenary power been conferred by Congress upon those courts; and whether amendments when authorized and made work a waiver of substantial rights or a release of errors should be determined by the principles which obtain in those jurisdictions and not by those which prevail in the state tribunals.

A reference to some of the many adjudicated cases and an indication of the point of departure from the state practice will show how wholly outside the rule of conformity is the matter now before us. Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224 (manner of charging the jury); Southern Pacific Company v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942 (the effect of a special appearance to challenge the jurisdiction of the court); Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585 (motions for new trial and bills of exceptions); United States, etc., Ass'n v. Barry, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60 (special verdicts); In re Chateaugay, etc., Iron Co., 128 U. S.

544, 9 Sup. Ct. 150, 32 L. Ed. 508 (the perfection, settling, and signing of bills of exceptions); Indianapolis, etc., Railroad v. Horst, 93 U. S. 291, 23 L. Ed. 898 (submission of interrogatories to the jury, and the granting of motions for a new trial); Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286 (reducing instructions to writing); Western Union Tel. Co. v. Burgess, 108 Fed. 26, 47 C. C. A. 168 (the taking of the written instructions to jury room); Consumers' Cotton Oil Co. v. Ashburn, 81 Fed. 331, 26 C. C. A. 436 (time for taking exceptions to instructions); McElwee v. Lumber Co., 69 Fed. 302, 16 C. C. A. 232 (the submission of special questions to the jury, and, if submitted, the effect of the answers upon the general verdict); O'Connell v. Reed, 56 Fed. 531, 5 C. C. A. 586, and Bowden v. Burnham, 59 Fed. 752, 8 C. C. A. 248 (joinder in attachment suit of claim due with one not due); Texas, etc., Ry. Co. v. Nelson, 50 Fed. 814, 1 C. C. A. 685 (continuances).

We are of the opinion, therefore, that the error in the ruling upon the motion and the exceptions thereto were not waived by the plaintiff. No escape from the effect of this conclusion can be found in the argument that when she afterwards sought the reinstatement of the expunged claim the granting or refusal of leave to amend was discretionary with the trial court. The question still harks back to the initial error, the exception thereto, and the absence of a waiver. Nor can the fact that the company tendered and deposited the amount of the policies into court affect it. In doing so the company was acting within its legal right to endeavor to protect itself from future costs and interest, but it could not thereby deprive the plaintiff of her right to continue the assertion of the remainder of her claim. The essential elements of an estoppel, which the company invokes, are lacking.

The plaintiff also complains of the denial of her application for leave to file a supplemental petition setting up certain matters which arose after the commencement of the action. The application was addressed to the sound discretion of the trial court, and, not being abused, its action will not be reviewed in this court.

The judgment is reversed, with direction to grant a new trial.