BLACKMER & POST PIPE COMPANY, Appellant, v. MOBILE & OHIO RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals. Argued and Submitted October 7, 1912. Opinion Filed November 12, 1912.

1. NEW TRIAL: Excessive Damages: Offer to Remit: Indefinite Offer. The trial court did not err in granting a new trial on the ground the verdict was excessive, notwithstanding plaintiff offered to remit the excessive portion, where he did not indicate how much he was willing to remit, or on what counts, but threw the burden of determining the proper amount on the court, since a remittitur should be stated in such a definite manner that the court may act intelligibly on it.

2. **APPELLATE PRACTICE: Questions Reviewable: Excessive Damages.** On appeal from an order granting a new trial, in an action where the petition states two causes of action in four counts, on the ground that the jury, by finding for plaintiff on all counts, allowed a double recovery, the appellate court is not authorized to determine whether the total of the verdict exceeds the amount of damages proved.

3. **INSTRUCTIONS: Form of Verdict: Several Counts Stating Same Cause of Action.** Where plaintiff states the same cause of action in different counts, the court should charge that, if the jury finds for him on one of the counts, it should find no damages, or, if it be proper to award nominal damages, merely nominal damages, on the other counts.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED AND REMANDED.

*Dawson & Garvin* for appellant.

(1) The jury correctly found all of the issues joined by the pleadings in favor of the plaintiff and the damages assessed on each cause of action, irrespective of counts, was less than the amount claimed in the petition, and shown by the evidence; if,. therefore, the judgment entered by the trial court for the aggregate damages assessed by the jury was not proper (which we deny) the trial court should have entered a proper judgment upon the verdict and should not have set aside the verdict, and this court should now reverse the action of the trial court and direct the verdict to be reinstated and a proper judgment entered thereon. Pipe Co. v. Railroad, 137 Mo. App. 479; Buckman v. Railroad, 100 Mo. App. 30; Akers v. Bank, 63 Mo. App. 316; Lancaster v. Insurance Co., 92 Mo. 460; Stone v. Perkins, 217 Mo. 586; Lumber Co. v. Tiede & Co., 130 Mo. App. 260; Brackett v. Brackett, 61 Mo. 221. (2) The verdict rendered is the legal equivalent of a general verdict on each cause of action, because the damages assessed are

equally divided between the two counts, which are mere separate statements of the identical same cause of action, and the aggregate of these amounts does not exceed the damage alleged in the petition and shown by the evidence to have been sustained to the subject of said cause of action; and is not double damages, and does not render the verdict in plaintiff's favor on both counts excessive, or vitiate the judgment. Moseley v. Railroad, 132 Mo. App. 646; Akers v. Bank, 63 Mo. App. 316; Moffett v. Turner, 23 Mo. App. 194; Ryan v. Copes, 11 Rich. Law (S. C.) 217; 73 Am. Dec. 106; Walsh v. Walsh, 114 Ill. 655; 23 Cyc. 823, 829, 830; Kearney v. Wurdeman, 33 Mo. App. 447; Carpenter v. Hamilton, 185 Mo. 603; Zellars v. Water & Light Co., 92 Mo. App. 107. (3) If the verdict and judgment are in fact excessive (which we deny), they are curable in this case by remittitur and plaintiff's offer to remit should have been accepted by the trial court and may still be accepted by this court if found necessary, to avoid a third trial and further expense and delay of litigation. Trustees of C. U. v. Hoffman, 95 Mo. App. 488; Chandler v. Gloyd, 217 Mo. 418; Jansen v. Dolan, 157 Mo. App. 32; Rush v. Railroad, 157 Mo. App. 504; Moore v. Transit Co., 226 Mo. 689; Cartwright v. Culver, 74 Mo. 179; Clifton v. Railroad, 232 Mo. 708; McGraw v. O'Neil, 123 Mo. App. 691; Franklin v. Butcher, 144 Mo. App. 660; Berthold v. Gruner, 12 Mo. App. 575; Pucket v. Railroad, 25 Mo. App. 650; Brooking v. Shinn, 25 Mo. App. 277; Miller v. Hardin, 64 Mo. 545; Schuck v. Pfenninghausen, 101 Mo. App. 697; Osborn v. Railroad, 144 Mo. App. 119.

*R. P. & C. B. Williams* filed argument for respondent.

REYNOLDS, P. J.—This is the second appeal in this case, the first appeal by defendant. It was reversed and remanded, the opinion being reported un-

der the title of Blackmer & Post Pipe Co. v. Mobile, & Ohio Railroad Co., 137 Mo. App. 133, 119 S. W. 13. At the same time the companion case of the same plaintiff against this defendant and other railroad companies was also reversed and remanded, the latter case being reported under the title of Blackmer & Post Pipe Co. v. Mobile & Ohio Railroad Company et al., 137 Mo. App. 479, 119 S. W. 1. This present case reaching the circuit court under our order of remander, plaintiff "dismissed without prejudice," it is stated, as to all of the defendants except the Mobile & Ohio Railroad Company, and filed an amended petition against that company alone, founded on losses said to have been sustained on the same shipments involved in the former case. This amended petition contains four counts, the pleader evidently following the suggestion made by this court in reversing and remanding, that as before presented the petition was confusing in that it appeared to charge, in one and the same count, the carrier on its common law liability and for breach of contract. In and by the first count of the amended petition, plaintiff avers common law liability on the part of the common carrier for sewer pipe damaged in transit, damage being claimed in the aggregate sum of $285.77; the shipment contained in four cars. The second count is on the same shipment in the same four cars, the same amount of damage being alleged to have been sustained for negligence in the carriage of the freight in those same cars. The third count is for damages under the common law liability of the carrier in the transportation of one carload of sewer pipe, damages laid at $59.40, inclusive of interest and costs; the fourth count claiming the same amount of damages, interest and costs, for negligence in the transportation of the same car of sewer pipe.

The answer admitting the incorporation of defendant, pleads that the carriage of the sewer pipe was

at a reduced rate of freight, on which consideration plaintiff agreed with defendant that the pipe should be carried at the risk of plaintiff. Various other stipulations in the bill of lading are set out which are not now material to notice, except that it is averred that it was provided among other things in the bills of lading, that claims for loss or damage must be made in writing to the agent at the point of delivery promptly after the arrival of the property; and if delayed more than thirty days after delivery of the property, or after due time of delivery thereof, no carrier of the property should be liable in any event, the answer claiming that this had not been complied with. As a further defense to each of the counts, the five-year Statute of Limitations is set up. These matters were put in issue by the reply.

The reply set out that the notice of the breakage had been duly given defendant, its connecting carriers and agents and that plaintiff's claim for damages was received by defendant as duly presented and was considered by defendant in the same manner as if it had been entered in thirty days, and all requirements regarding the time or manner of presentation of said claim had been waived by the defendant, payment of the claim being refused on other grounds.

There was a trial of the cause before the court and a jury, at the conclusion of which, the jury, having been instructed by the court, returned a verdict in favor of plaintiff on the first count in the aggregate sum of $284. On the third count the jury found for plaintiff and assessed its damage at the aggregate sum of $43.21. There was also a verdict for plaintiff on the second count in the aggregate sum of $207.84, and on the fourth count in the aggregate sum of $43.21. Judgment followed in the sum of $502.10, "being the aggregate damages as assessed by the jury as aforesaid upon the four counts of the petition." In due time defendant filed its motion for a new trial and in

arrest.   Among other grounds stated in the motion for new trial were that the verdict was excessive; that the jury had rendered two verdicts in the same case; that the verdict is void and will not support a judgment.

The motion in arrest need not be noticed as it does not appear to have been acted on one way or the other by the court.

The court sustained the motion for new trial, as stated in the record, ''because the plaintiff sued on two causes of action in four counts, and the jury found for the plaintiff on all four counts, assessing double damages and because the verdict is excessive.''  In a memorandum handed down by the court and in the record, it is stated that the motion for new trial was sustained ''because the plaintiff sued on two causes of action in four counts, and the jury found for the plaintiff on all four counts, assessing double damages, and because the verdict is excessive,'' and the court did not think the evil could be cured by remittitur.   Thereupon counsel for plaintiff filed a written offer to remit such part of the damages theretofore assessed as the court considered excessive.   The court declined to enter an order of remittitur, whereupon plaintiff, duly saving exception, perfected its appeal to this court.

We confine ourselves to the one proposition that is decisive of the appeal; that is, whether the court committed error in granting a new trial for the reasons assigned, and in overruling the application of plaintiff to the court to remit, and in disregarding and declining the offer of plaintiff to remit.

It is to be noted that learned counsel for plaintiff did not indicate in their motion before the trial court how much should be remitted or on what counts a remittitur should be made, but threw upon the court the burthen of determining what the proper amount of the verdict should be and how much should be re-

mitted. That is a burthen the court is not bound to assume. When a remittitur is offered it should be stated in so definite a manner that the court may intelligibly act on it.

It is argued in our court with great earnestness by counsel for appellant that even taking the sum total of the verdict, it is not in excess of the amount of damages which were proved up in the case. We, as a court, are not authorized to determine that. This error of the jury in assessing damages on each one of the counts was probably brought about by the form of the verdict submitted to them and by the somewhat confused instruction of the court in that respect, that instruction not clearly telling the jury, as it should, that if they found damages as on common law liability, they should return a verdict for that, in which event plaintiff was not entitled to any damages, or at most mere nominal damages, on the counts sounding in actual damages, and *vice versa* as to breach of contract. [Lancaster v. Connecticut Mut. Life Ins. Co., 92 Mo. 460, l. c. 467, 5 S. W. 23.]

We think the learned trial court committed no error in granting a new trial. Its action in that behalf is affirmed and the cause remanded with directions to proceed in due course of law. *Nortoni* and *Caulfield, JJ.,* concur.